## UTAH APEX MINING CO. et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5113. Decided April 17, 1931. (298 P. 381.)

*Bagley, Judd & Ray,* of Salt Lake City, for plaintiffs.

*Geo. P. Parker,* Atty. Gen., and *Willard Hanson, A. H. Hougaard,* and *Marl D. Gibson,* all of Salt Lake City, for defendants.

ELIAS HANSEN, J.

This is a proceeding to review an award of compensation made by the Industrial Commission of Utah in favor of John H. Butler, payable by the Utah Apex Mining Company, a corporation, and its insurance carrier, the Ætna Life Insurance Company, a corporation. The only question presented for review is whether or not the claim of John H. Butler for compensation is barred by the statute of limitations. This question was timely raised before the Industrial Commission and decided against the plaintiffs. The facts, so far as material to the question presented for determination, are as follows: John H. Butler was injured on March 10, 1927, by powder fumes and smoke while in the course of his employment with the Utah Apex Mining Company. The Ætna Life Insurance Company was the insurance carrier of the Utah Apex Mining Company, a corporation, subject to the Industrial or Workmen's Compensation Act. The plaintiffs paid Butler compensation from the date of his injury to and including September 10, 1927, when he resumed work. Between September 10, 1927, and March 25, 1928, Butler was not paid any compensation. On March 25, 1928, plaintiffs resumed payments of compensation and continued payments until July 14, 1928. On August 2, 1928, Butler filed with the Industrial Commission of Utah a formal written application for adjustment of his claim for compensation. On September 25, 1928, a hearing was had before the commission. On November 6, 1928, the commission made its decision awarding to Butler compensation "in the sum of $16 per week beginning July 15, 1928, all accrued payments to date to be paid in a lump sum and thereafter once every month until otherwise ordered by the commission." The decisions further provided "that said John H. Butler, applicant herein, report to Dr. M. M. Critchlow from time to time and whenever requested to do so by said Doctor, for observation and treatment if necessary. * * * The Industrial Commission of Utah retains jurisdiction over this case until all pro-

ceedings are had and all matters and things done therein to finally dispose of the same according to law."

The plaintiffs, in compliance with the order of the commission, paid compensation until March 3, 1929. On that date, upon the advice of Dr. Critchlow, Butler went to work in the coal mines of Carbon County, Utah, and plaintiffs ceased paying compensation. Mr. Butler worked until January 14, 1930, when he was forced to quit because of his disability. On March 15, 1930, Butler filed with the commission a written application for further compensation. On April 2, 1930, a hearing was had on the application. Thereafter, on October 11, 1930, the commission awarded Butler compensation "at the rate of $16 per week beginning January 14, 1930, all accrued sums to date to be paid in a lump sum and thereafter once every month until otherwise ordered by the commission."

The plaintiffs seek to have the award which was granted on October 11, 1930, annulled because more than one year elapsed between March 3, 1929, the date when they paid Butler the last compensation, and March 15, 1930, the date when Butler filed his application for additional compensation. That is the sole question presented for review. No claim is made that the original application was not filed in time.

In their brief plaintiffs call our attention to the following cases: *Utah Consolidated Mining Co.* v. *Industrial Commission of Utah,* 57 Utah 279, 194 P. 657, 16 A. L. R. 458, and *Maryland Casualty Co.* v. *Industrial Commission of Utah* (Utah) 278 P. 60. In the case of Utah Consolidated Mining Co. v. Industrial Commission of Utah, this court held that, "although the Utah Industrial Act fixes no limitation within which a proceeding for compensation must be commenced, such a proceeding must be commenced within one year under the general limitation statute; Comp. Laws 1917, § 6468, as to liability created by statute, regardless of whether the proceeding be denominated an action or a special proceeding of a civil nature, under section 6492." The language just quoted

is the syllabus of that case and correctly reflects the law announced in the opinion. In that case no proceeding whatever was begun by the applicant for compensation within one year after he was injured, and so far as appears no compensation was paid to him. The case of *Maryland Casualty Co.* v. *Industrial Commission of Utah,* supra, is to the same effect as the other case cited. In this case Butler filed his application for compensation, the commission awarded him compensation, and plaintiffs paid him compensation before it is claimed the statute of limitations began to run. Under the facts and circumstances in the instant case the law announced in the Utah Consolidated Mining Co. Case and the Maryland Casualty Co. Case, supra, can be of but little if any value as precedents. Plaintiffs also cite, as lending support to their contention, the case of *Continental Casualty Co.* v. *Industrial Commission,* 63 Utah 59, 221 P. 852. The controversy in that case was as to which of two insurance companies was liable for the payment of compensation to an injured employee. So far as appears, the statute of limitations was in no way involved. The law there announced does not aid us in reaching a proper conclusion in this case. Plaintiffs also cite *Ætna Life Ins. Co.* v. *Industrial Commission,* 66 Utah 235, 241 P. 223. In that case an application for compensation was filed with the Industrial Commission nearly seven years after the employee was injured. The insurance carrier paid the employee $369 for injuries sustained by him, and obtained from him a receipt therefor which it filed with the Industrial Commission within one year after the injury. It was held that the filing of the receipt could not be regarded as an application or a commencement of proceedings by the employee for compensation, and therefore his claim was barred. The law of that case does not aid the plaintiffs here.

Comp. Laws Utah 1917, § 3144, provides as follows:

"The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto as in its opinion may be justified."

It will be observed that the law just quoted does not limit the time that the commission shall retain continuing jurisdiction to one year, or at all.

If effect be given to the language of section 3144 we can see no escape from the conclusion that Butler's claim for additional compensation was not barred because he was not paid compensation for a period of slightly more than one year. It not infrequently happens that the injuries received by an employee are such that the nature and extent thereof cannot be ascertained without the lapse of considerable time. If the commission be required to determine the amount of compensation that shall be paid before the extent of the injury becomes certain and fixed, the employee may receive more or he may receive less than he is justly entitled to under the Industrial or Workmen's Compensation Act. It was evidently to lessen or avoid the probability of such injustice that the provision granting the commission continuing jurisdiction was enacted. In this case Dr. Critchlow believed that Butler's condition would be improved if he would go to work. Butler was anxious to work rather than try to eke out an existence on the amount of compensation awarded to him. Under such circumstances we can conceive of no legal reason why he should be deprived of further compensation in the event that after a fair trial he found that he was unable to work. Butler's application for additional compensation was in no sense the beginning of a new proceeding, but was merely another step in the proceeding instituted by the filing of the original application. *Chebot* v. *State Industrial Acc. Comm.*, 106 Or. 660, 212 P. 792. The commission had not made a final disposition of the cause, but on the contrary expressly retained jurisdiction thereof. This the commission had the right and power to do under the law granting it continued jurisdiction.

The award is affirmed.

CHERRY, C. J., and FOLLAND, and EPHRAIM HANSON, JJ., concur.

STRAUP, J. (concurring).

Since this court by prior decisions *(Continental Casualty Co.* v. *Ind. Comm.* 70 Utah 354, 260 P. 279; *Ætna Life Ins. Co.* v. *Ind. Comm.* [Utah] 274 P. 139; *Ætna Life Ins.. Co.* v. *Ind. Comm.,* 69 Utah 102, 252 P. 567; *Carter* v. *Ind. Comm.* [Utah] 290 P. 776) is committed to the doctrine that, where a claim for compensation has been filed with the Industrial Commission within the statutory period, the case heard, and an award made or denied, and where, under Comp. Laws Utah 1917, § 3144, further proceedings are invoked and had with respect to the making of further or additional orders in the cause or modifying or changing orders or findings therefore made, pleas of limitations, res adjudicata, or of a want of new or changed conditions are unavailing, I too concur.