C. B. SCOTT, SPECIAL ADMINISTRATOR, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

289 N. W. 367

FILED DECEMBER 20, 1939. No. 30656.

*Vasey & Mattoon,* for appellant.

*Walter R. Johnson, Attorney General,* and *Don Kelley, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This is a proceeding to recover additional compensation under the workmen's compensation law, on the ground of increased disability. The workmen's compensation court held that, since the increase in disability was known to plaintiff more than a year before the filing of her petition, the claim was barred under section 48-138, Comp. St. 1929. On appeal to the district court, the proceeding was similarly dismissed. Plaintiff, who was 73 years old, had died in the meantime, and revivor was had in the name of the special administrator of her estate, who has appealed to this court.

Plaintiff, Louise Scott, fell on a slippery floor in April, 1926, while employed as an attendant at the Nebraska Institution for the Feeble Minded, at Beatrice. She sustained an impacted hip fracture, which resulted in some bone absorption, a somewhat rotated union, and a $1\frac{1}{2}$ inch shortening of the left leg. A petition for compensation was filed before the compensation commissioner and on October 27, 1926, an award was entered, allowing her $161\frac{1}{4}$ weeks compensation, for 75 per cent. permanent partial loss of use of her left leg, from August 1, 1926. Payments on this award were completed in September, 1929. She had continued in her employment from July, 1926, following the injury, to December, 1935, when her advanced age and physical condition made it impossible for her longer to do the work.

The record shows that for some time prior to December, 1935, she was becoming increasingly disabled. The major portion of the increase was probably due to her age, but the disability in her leg appears also to have increased.

The evidence which she offered, however, clearly indicates that she knew there had been a material change in the condition of her leg prior to the time her employment was terminated in December, 1935. As early as 1929, after the payments on the original award were completed, she claimed to be entitled to further compensation, and her son, who is now the special administrator of her estate, had consulted an attorney for her, about reopening the award. No proceedings, however, were instituted at that time. It is not particularly important here whether the disability in her leg had so increased in 1929 that she would then have been entitled to additional compensation, for, in any event, the son admits that, for at least a year and a half to two years prior to 1935, it was quite obvious that his mother was "breaking," and that the disability to the leg had been materially increasing. The present proceedings were not instituted until November, 1937.

The compensation court and the district court, as has already been indicated, took the view that in this situation the proceeding was barred under section 48-138, Comp. St. 1929, which provides: "In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 3680 (48-139) hereof. * * * Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of one year from the time of the making of the last payment." In the case of latent injuries, we have held, of course, that the proceeding may be commenced within the statutory time after the employee first has knowledge that the accident has caused a compensable disability. *Travelers Ins. Co. v. Ohler*, 119 Neb. 121, 227 N. W. 449, and subsequent cases.

It is plaintiff's contention that the limitation provision in section 48-138 has no application to this proceeding; that where a compensation award, payable periodically for more

than six months has once been entered in the compensation or the district court, even though the payments thereunder may have been completed, the court has the power, under section 48-142, Comp. St. Supp. 1935, at any time, without limitation, to modify the award and to make an additional allowance for an increase in disability; that section 48-142 is wholly independent of section 48-138 and that a proceeding thereunder is not controlled by the limitation prescribed in such section. Section 48-142 provides: "All amounts paid by an employer or by an insurance company carrying such risk, as the case may be, and received by the employee or his dependents, by lump sum payments, shall be final, but the amount of any agreement or award payable periodically for more than six months may be modified as follows: (a) At any time by agreement of the parties with the approval of the Compensation Court. (b) If the parties cannot agree, then at any time after six months from the date of the agreement or award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury or that the condition of a dependent has changed as to age or marriage, or by reason of the death of the dependent. In such case, the same procedure shall be followed as in section 48-139, Compiled Statutes of Nebraska, 1929, in case of disputed claim for compensation, except that after the district court has entered order, award or judgment in the case then the application shall be made to that court."

We are unable to accept the argument that, where a court has once entered an award, section 48-142 is intended to give it a perpetual and unexpiring jurisdiction, without limitation as to time, to make additional allowances for any subsequent increase in disability. It should be noted that whatever authority is granted by the section is applicable by its terms, not merely to formal awards entered by the compensation or district court, but to voluntary settlement agreements between the parties as well, made in accordance with the provisions of the law. It is provided that "the amount of any agreement or award payable periodically for

more than six months may be modified," etc. There may be some force in the contention made by defendant, that, from the language employed and the rule applied in parallel legal situations, the section is intended to have application only to agreements or awards on which periodical payments are still being made at the time a modification is sought. Under such a construction, where the payments on a settlement agreement or an award, payable periodically for more than six months, have been completed, additional compensation for an increased disability could only be claimed, if at all, in an independent proceeding. We are not disposed, however, to take this narrow a view of the statute, for the process employed would in either event, for all practical purposes, be the same. In any proceedings had under section 48-142, it is provided that the same procedure shall be followed as in section 48-139, governing initial proceedings to recover compensation, "except that after the district court has entered order, award or judgment in the case then the application shall be made to that court."

We therefore hold that proceedings may be brought under section 48-142, to recover additional compensation for an increased disability, after the payments under a valid agreement or a previous award have been completed, but that a common sense and workable construction of our compensation law requires that the limitation provided in section 48-138 be held to be as much applicable thereto as to a proceeding to recover compensation for a latent disability. And so, a proceeding under section 48-142, Comp. St. Supp. 1935 (*Id.,* Comp. St. Supp. 1939), to modify a previous settlement agreement or an award of the compensation or district court, payable periodically for more than six months, on which the payments have been completed, and to recover additional compensation for an increase in disability, can only be brought within one year from the time the employee knows or is chargeable with knowledge that his condition has materially changed, and that there has been such a substantial increase in his disability as to entitle him to additional compensation.

The argument of plaintiff has been predicated chiefly upon *Johnson v. Iverson*, 175 Minn. 319, 221 N. W. 65, and other cases from that jurisdiction. The Minnesota statute governing modification, however, by its terms, has application only to formal awards, and does not include voluntary agreements between the parties, as does section 48-142. But even if the Minnesota statute were identical with ours, it would still be our duty to think and reason for ourselves and to attempt to make our own construction,—rational, workable, and as much in harmony as possible with our previous decisions. Mere priority of decision must not be translated into exclusiveness in judicial wisdom.

It has been the contention of defendant that additional compensation for an increased disability should never be allowed to be recovered in any case, except where proceedings have been brought within one year from the date of the last compensation payment. Such a construction would result in many cases in an obvious injustice. Equitably, an increased disability, where compensation has been paid periodically for more than six months under a valid agreement or a formal award, must be treated as analogous to a latent injury and subject to the application of the limitation provision of the statute in the manner we have indicated above. In *Dunlap v. City of Omaha*, 131 Neb. 632, 269 N. W. 422, and *Kurtz v. Sunderland Bros. Co.*, 124 Neb. 776, 248 N. W. 84, as well as the other cases cited by defendant, the specific question here discussed was not involved, and there is nothing in the facts of these cases that is out of harmony with the principle we have announced, or that would require that plaintiff's right to recover for an increased disability be limited to one year from the date of the last compensation payment under the award.

No question is raised as to the sufficiency of the process employed to give the court jurisdiction over the state of Nebraska, and we accordingly shall not consider it.

The compensation court and the district court properly dismissed plaintiff's proceeding on the ground that it was barred as a matter of limitation.

AFFIRMED.