Ira O. Peek, appellant, v. Ayers Auto Supply, a
copartnership, et al., appellees.
59 N. W. 2d 564

Filed July 3, 1953. No. 33384.

*Tesar & Tesar,* for appellant.

*Fraser, Connolly, Crofoot & Wenstrand,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant, an employee of Ayers Auto Supply Company of St. Joseph, Missouri, proceeded against as Ayers Auto Supply, was seriously injured in an accident arising out of and while he was engaged in the course of his employment. In proceedings instituted by him for the recovery of the benefits provided by the Nebraska Workmen's Compensation Act for total and permanent disability he was by this court, in an appeal from the district court for Richardson County, by trial de novo on the record determined not to be totally and permanently disabled by the injuries received in the accident but that he was entitled to and was granted compensation as follows: $18 a week for 105 weeks for temporary total disability; $17.90 a week for 175 weeks for 75 percent temporary partial disability; and $18 a week for 17½ weeks for 50 percent loss of his left ear and 20 percent loss of his right ear. He was also allowed additional amounts for medical expenses and services and for necessary traveling expenses incurred by him. Peek v. Ayres Auto Supply, 155 Neb. 233, 51 N. W. 2d 387.

Judgment was entered in the district court on March

20, 1952, as directed by this court. The period for which compensation had been awarded ended on January 13, 1952. The judgment in favor of appellant was paid to him in full on June 4, 1952.

Appellant filed on December 12, 1952, in the district court for Richardson County a petition in which Ayers Auto Supply and Consolidated Underwriters were named as defendants. It alleged the happening of the accident on May 1, 1946, the injury of appellant therein, his employment by the Ayers Auto Supply Company, the compensation paid to him as above stated, an increase in his disability since "the entry of the decision of the Supreme Court of Nebraska and mandate issued thereon," and that he was on the date of the filing of the petition totally and permanently disabled as a result of the injuries suffered by him in the accident of May 1, 1946. The service of process in this case on Ayers Auto Supply was defeated by an order of the court adjudging it insufficient and void. A demurrer of Consolidated Underwriters to the petition was sustained.

The district court on January 13, 1953, on motion of appellant consolidated the second case in which the petition was filed in that court on December 12, 1952, with the original compensation case; gave appellant leave to name Noble I. Ayers, Noble I. Ayers, Jr., John C. Ayers, and Consolidated Underwriters as additional parties defendant; and gave appellant permission to file a petition in the original compensation case. The petition filed was in substance similar to the one filed in the second case. A summons issued by the district court and a copy of the petition were served on Ayers Auto Supply, Noble I. Ayers, Noble I. Ayers, Jr., and John C. Ayers in Buchanan County, Missouri, an affidavit having been filed that they were each nonresidents of the State of Nebraska and were residents of the State of Missouri. They severally appeared and objected to the jurisdiction of the court over their person and the court sustained their special appearance. The Consolidated

Underwriters demurred to the petition and it was sustained by the court. Appellant elected not to plead further and his petition was dismissed.

Section 48-141, R. R. S. 1943, contains these provisions: "* * * the amount of any * * * award payable periodically for six months or more may be modified as follows: (a) At any time by agreement of the parties with the approval of the compensation court; or (b) if the parties cannot agree, then at any time after six months from the date of the agreement or award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury * * *. In such a case, the same procedure shall be followed as in sections 48-173 to 48-185, in case of disputed claim for compensation, except that after the district court has entered order, award or judgment in the case then the application shall be made to that court."

The requirements for a modification of a previous award of compensation and a recovery of an additional amount are an agreement of the parties approved by the compensation court or that the award was payable periodically for 6 months or more; an increase in incapacity due solely to the injury upon which the original award was based; and that application for additional benefits is made to the court in which the original award was granted more than 6 months after the award and within 1 year from the time the employee knew or was chargeable with knowledge that his condition had materially changed since the original award was made and that there had been such substantial increase in his disability as to entitle him to additional compensation. §§ 48-137 and 48-141, R. R. S. 1943; Scott v. State, 137 Neb. 348, 289 N. W. 367; Riedel v. Smith Baking Co., 150 Neb. 28, 33 N. W. 2d 287; Ludwickson v. Central States Electric Co., 142 Neb. 308, 6 N. W. 2d 65; Huff v. Omaha Cold Storage Co., 136 Neb. 907, 287 N. W. 764; Annotation, 165 A. L. R. 242.

The award of compensation made to appellant be-

cause of his injuries caused by the accident of May 1, 1946, was the judgment of the district court for Richardson County rendered on March 20, 1952. The amount thereof was payable periodically for more than 6 months. The application of appellant for additional compensation was filed in that court on January 13, 1953, more than 6 months from the date of the award and within less than 1 year from the time he alleges he knew his condition had changed since the original award, and he alleges there has been such a substantial increase in his incapacity resulting from the injuries on which the award was based as to entitle him to additional compensation. The application complies with the requirements of the law and entitles him to a hearing of it.

Appellees contend that the award was not payable at periodical times; that the compensation period expired January 13, 1952; that the decision of the court determining what the award should be was not made until February 1, 1952; and that the judgment was not entered in the district court as directed by this court until March 20, 1952. The fact that litigation delayed the final award did not prevent it from being an "award payable periodically for six months or more." The actual compensation period was 297½ weeks. It is true that the payments were all due when the judgment was finally rendered and it was fully paid and discharged on June 4, 1952, before the application was filed for additional benefits because of increased incapacity. It is said because of this the original case was exhausted and closed; that there was no case pending; and that there was no award that could be modified, increased, or decreased. There is much authority for the doctrine that an application for modification of a decree awarding compensation under a statute authorizing such application must be made while the jurisdiction of the court over the case continues, and that such jurisdiction no longer exists after all payments provided for in the original award have been made and the judgment fully satisfied.

Nelson v. Cambria Coal Co., 178 Tenn. 389, 158 S. W. 2d 717, 165 A. L. R. 1; Annotation, 165 A. L. R. 53. However, this jurisdiction has not accepted that doctrine. It has adopted a contrary view. In Scott v. State, *supra,* this court said: "We therefore hold that proceedings may be brought under section 48-142 (now § 48-141, R. R. S. 1943), to recover additional compensation for an increased disability, after the payments under a valid agreement or a previous award have been completed, but that * * * our compensation law requires that the limitation provided in section 48-138 (now § 48-137, R. R. S. 1943) be held to be as much applicable thereto as to a proceeding to recover compensation for a latent disability. And so, a proceeding under section 48-142 * * * to modify a previous * * * award of the compensation or district court, payable periodically for more than six months, on which the payments have been completed, and to recover additional compensation for an increase in disability, can only be brought within one year from the time the employee knows or is chargeable with knowledge that his condition has materially changed, and that there has been such a substantial increase in his disability as to entitle him to additional compensation."

An attempt is made to justify the action of the district court in sustaining the demurrer of Consolidated Underwriters, one of the appellees, to the petition for additional compensation, by stating there is no law in this state for making the insurance carrier of an employer a defendant in any proceeding by an employee to recover benefits under the Nebraska Workmen's Compensation Act. The petition alleged that appellee was at all of the times referred to in the petition the compensation insurance carrier of the Ayers Auto Supply. The demurrer admitted this assertion of fact to be true. Nelson v. Nelson, 152 Neb. 741, 42 N. W. 2d 654. The statute requires that each policy of insurance of this kind contain an agreement of the insurer that it will promptly

pay to the person entitled to the same all benefits conferred by the act; that it shall be a direct promise by the insurer to the person entitled to the compensation enforceable in his name; that every policy of this class shall be deemed to be made subject to the provisions of the act; that each policy shall provide that jurisdiction of the assured for the purposes of the act shall be jurisdiction of the insurer; and that the insurer shall be bound by the awards and judgments rendered against the insured. § 48-146, R. R. S. 1943. This court in Ramsey v. Kramer Motors, Inc., 155 Neb. 584, 52 N. W. 2d 799, considered this section and announced this rule: "The provision of the workmen's compensation law which makes the contract of an insurance carrier a direct promise enforceable in the name of one entitled to compensation benefits effectually makes of the carrier a proper party defendant in an action to recover benefits." See, also, Collins v. Casualty Reciprocal Exchange, 123 Neb. 227, 242 N. W. 457; Chilen v. Commercial Casualty Ins. Co., 135 Neb. 619, 283 N. W. 366. The general demurrer of appellee Consolidated Underwriters to the petition was improperly sustained.

Appellant showed by affidavit that Ayers Auto Supply was a Missouri copartnership with its office and place of business in St. Joseph, Buchanan County, Missouri; that Noble I. Ayers, Noble I. Ayers, Jr., and John C. Ayers were members thereof and nonresidents of Nebraska; and that service of summons in this proceeding could not be had on any of them in Nebraska. He procured a summons to be issued and served upon the partnership and each of the members thereof without the State of Nebraska. The sheriff of Buchanan County, Missouri, by appointment of the sheriff of Richardson County, Nebraska, delivered a copy of the summons and a copy of the petition filed herein to the partnership and to each of the members in Buchanan County, Missouri. The special appearance made severally by these appellees asserted the court acquired and had no jurisdiction of

the person of any of them in this proceeding. The trial court ruled that the attempted service upon them was void and sustained the objection to the jurisdiction. It may be conceded though not decided that the attempted service on them was void, but this does not mean under the circumstances of this case that the district court was without jurisdiction over them.

Ayers Auto Supply waived service and entered its appearance in the district court when the appeal was taken to it from the award of the compensation court in the original compensation proceedings in that court. Noble I. Ayers, Noble I. Ayers, Jr., and John C. Ayers filed an answer in that proceeding in the district court. They made themselves parties thereto and frequently referred therein to themselves as defendants in the case. The district court thereby acquired jurisdiction of the person of each of the appellees that made the special appearance. They were each delivered a copy of the petition of appellant filed in the district court for a modification of the original compensation award, and for additional compensation because of the increased incapacity of appellant caused by the injury he received in the accident of May 1, 1946. The appellees were also advised of the pendency of this proceeding by the fact that they have been at all times represented by counsel in it. It is unimportant that summons was attempted to be served in Missouri on the partnership and the individuals who were its members and the legality or futility of that effort need not be considered or decided.

The statute intends that an application to modify an award on the ground of increase or decrease of incapacity due to the injury because of which the award had been granted shall be made in the case and in the court in which the original award was entered. In Scott v. State, *supra*, it is said: "There may be some force in the contention made by defendant, that, from the language employed and the rule applied in parallel legal situations, the section is intended to have application only

to agreements or awards on which periodical payments are still being made at the time a modification is sought. Under such a construction, where the payments on a settlement agreement or an award, payable periodically for more than six months, have been completed, additional compensation for an increased disability could only be claimed, if at all, in an independent proceeding. We are not disposed, however, to take this narrow a view of the statute, for the process employed would in either event, for all practical purposes, be the same."

Such an application is not the beginning of a new or original litigation. It is another step in the proceeding initiated when the accidentally injured employee made his original application to the compensation court for adjustment of his claim for compensation. It seeks a hearing in the original case. It is a claim of right of additional recovery because of a new effect and result of the same injury caused by the accident, the basis of the previous award. The original recovery by appellant was compensation to him for his then disability, which was less than permanent, resulting from the injuries to him caused by the accident. The pending application is for total permanent disability alleged to have been the result of the identical injuries but manifested since the original award. In the Annotation in 165 A. L. R. 13, there is the following: "One of the basic problems, if not the one fundamental problem, involved in construing and applying the various statutes providing for the review, reopening, modification, or reinstatement of compensation awards and agreements, in order to determine when a previous award or agreement may be reviewed, is what is the nature of review or modification proceedings. The courts of most jurisdictions have been substantially in agreement in their determination of this problem * * *. Thus, it has repeatedly been held that a review or modification proceeding is not a new proceeding nor an original proceeding. It is nothing more than a reopening of the proceeding instituted by

the original petition or proceeding for compensation, and is merely another step in the proceeding which is initiated when the employee files his original application for adjustment of his claim. And when a hearing is conducted on an application for modification of a previous award, it is only another hearing on a new phase of the original case."

In Glassman v. Radtke, 177 Minn. 555, 225 N. W. 889, the court said: "The original award of compensation was on the basis of temporary total disability. It subsequently developed that the employee was permanently totally disabled. Held that his petition for a setting aside of the original award and a new one based upon his permanent total disability is a reopening of the original proceeding and not the institution of a new and independent one."

In Chebot v. State Industrial Acc. Com., 106 Or. 660, 212 P. 792, the rule is stated in this language: "An application by an injured workman for increased compensation on account of changed condition or increased disability is not the beginning of a new proceeding, but merely another step in the proceeding initiated by the filing of the original application for an adjustment of the claim. * * * Under the Workmen's Compensation Act, the jurisdiction acquired by the Industrial Accident Commission over a case as to which an application for compensation is filed continues so long as the workman suffers disability, the proximate cause of which may reasonably be traced to the injury for which claim was originally made and compensation awarded."

In Bosquet v. Howe Scale Co., 96 Vt. 364, 120 A. 171, it is said: "An application under G. L. 5805 to modify an agreement or award under the Workmen's Compensation Act is not a new proceeding, but is based upon a jurisdiction acquired through the original proceeding, either on application for an award of compensation under G. L. 5802, or on the filing of a memorandum of agreement in regard to compensation pursuant to G. L. 5801."

The court of Colorado speaking on this subject in London Guaranty & Accident Co. v. Sauer, 92 Colo. 565, 22 P. 2d 624, said: "In no sense does the later disability create a new right or cause of action. It is simply an element, or rather a manifestation, of the injury inflicted by the original accident. The actuality of that injury is established, once for all, in connection with the first disability proved or admitted."

See, also, United States Casualty Co. v. Smith, 162 Ga. 130, 133 S. E. 851; Utah Apex Mining Co. v. Industrial Commission, 77 Utah 542, 298 P. 381; Plowman v. State Ind. Acc. Com., 144 Or. 138, 23 P. 2d 910; Johnson v. Pillsbury Flour Mills Co., 203 Minn. 347, 281 N. W. 290; Schmidt v. Workmen's Comp. Bureau, 73 N. D. 245, 13 N. W. 2d 610; Norvell v. Barnsdall Oil Co., 41 N. M. 421, 70 P. 2d 150; Rock Island Improvement Co. v. Williams, 163 Okl. 297, 22 P. 2d 368; Independent Pier Co. v. Norton, 54 F. 2d 734; 71 C. J., Workmen's Compensation Acts, § 1415, p. 1446; 58 Am. Jur., Workmen's Compensation, § 499, p. 889.

A provision of some kind for reopening or modifying awards made in workmen's compensation cases exists in a large majority of the states. This is a recognition of the fact that a diagnosis of the condition and earning prospect of an accidentally injured employee at the time of a hearing had soon after the accident is of doubtful accuracy, and that the condition may later change markedly for the worse, may improve, or may entirely disappear. The objectives of the legislation are best accomplished, under an award for periodic payments for a specified period or during disability, if there is authority for the increase, decrease, or discharge of payments to correspond to the changed conditions of the claimant. To be useful and practical the jurisdiction in this regard must be, subject to reasonable exceptions, continuous and lasting to make benefits meet current conditions. This is what the Nebraska statute was designed to accomplish. It gives to the compensation court continuing

jurisdiction after an award of compensation has been made of the kind described in the statute to modify the award because of changed conditions caused by the injury, the basis of the award, any time from 6 months after it is made if an appropriate application is made therefor within 1 year of the time the claimant knows or is chargeable with knowledge that his condition has materially changed after the original award and that there has been such a substantial increase in his incapacity of a nature to entitle him to additional compensation. The identical authority is by the statute given to the district court if it has entered an award or judgment in a compensation case.

The judgment of the district court should be and it is reversed and the cause is remanded to the district court with directions for further proceedings.

REVERSED AND REMANDED.