JAMES K. LUDWICKSON, APPELLEE, V. CENTRAL STATES
ELECTRIC COMPANY ET AL., APPELLANTS.
6 N. W. (2d) 65

FILED OCTOBER 30, 1942.   No. 31442.

*Stewart, Stewart & Whitworth,* for appellants.

*Alfred D. Raun* and *Perry, Van Pelt & Marti, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

Defendants here petitioned for a modification of a former judgment awarding compensation to the plaintiff under the workmen's compensation act. The district court denied their petition and defendants appeal.

In *Ludwickson v. Central States Electric Co.*, 135 Neb. 371, 281 N. W. 603, this court affirmed the judgment of the district court and held that plaintiff's disability was permanent and total. It is that judgment the defendants seek to modify.

Defendants base their petition upon two propositions. First, the plaintiff has rehabilitated himself by securing an advanced education and has been gainfully employed for more than four years at a salary greater than that which he was receiving at the time of the accident, and is therefore not totally disabled. Second, that, irrespective of his present employment, plaintiff's physical condition has improved to such an extent that he is no longer totally disabled. As to the first proposition the evidence is undisputed. At the time of the first trial plaintiff was attending the University of Nebraska as a student, seeking to obtain a Master's degree in mechanical engineering. He was at that time receiving $40 a month in wages as a graduate assistant. Beginning September 1, 1938, he has been an instructor at the University of Nebraska, teaching heat power engineering, thermo-dynamics and power machinery courses. His salary began at $1,450 for a ten-months year. Beginning September, 1940, his salary has been $1,500 for the comparable period.

As to the second proposition, the evidence is that plaintiff is able to do the work of an instructor about the classroom and laboratory, that he is able to do casual work about his home, that he walks a few blocks to meals, that he dances occasionally and is able to drive his automobile for an ex-

tended time. He suffers pain from the scars on his feet, the stump of his arm, and has other unfavorable reactions from the extensive scars on his body. Reference is made to the former decision for a detailed statement of his injuries and condition at that time. Defendants offered the same two doctors who testified for them at the original trial. These experts reexamined the plaintiff, and at this hearing reviewed their findings and conclusions made at the former trial, brought them down to date, and expressed their opinion that there had been a material improvement in plaintiff's physical condition, that his disability was definitely less, and fixed his present general "industrial disability" at from 25 to 50 per cent. Their examination upon which this opinion was based covered a period of a few minutes. Their evidence in some respects was rather indefinite.

Plaintiff offered three medical experts, one a witness who did not testify at the previous hearing. The plaintiff, in the court's chambers, removed his clothing, and the doctor testified as to the injuries with reference to the plaintiff's body in the presence of the court. This witness expressed the opinion that, "for any type of manual labor or work involving exercise of any type, he (plaintiff) would have at least 75 or 80 per cent. disability." Plaintiff presented also the evidence of the two medical experts who testified for him at the former trial. They also reviewed their previous findings, brought those findings down to date, pointed out the condition of his wounds as to scars, adhesions, loss of muscles, pain, etc., and expressed the basis for and gave their opinion that there had been no material change in his condition and that his disability amounts to the same now as then. One of them stated: "His disability for any gainful occupation having any labor was still 100 per cent." This witness stated that there had been some increase in the detrimental condition of his body arising from his injuries. Upon this record the trial court found generally for the plaintiff; that the defendants had failed to establish, by a preponderance of the evidence, any decrease in incapacity of plaintiff due solely to the injury upon which the final

judgment in the first trial was based; that there has been no appreciable decrease of incapacity due solely to the injury, and dismissed appellants' petition.

It must be remembered that we are here dealing with statutory rights, liabilities, and procedure. At the outset it is necessary that we determine the scope of the inquiry that may be made in this proceeding. That the judgment of the district court, which was affirmed by this court, was a final judgment, fixing the rights and liabilities of the parties, and subject to modification only as authorized by statute, cannot be successfully questioned. *Metropolitan Dining Room v. Jensen,* 126 Neb. 765, 254 N. W. 405. The statute applicable here provides that it may be modified upon application of either party "on the ground of increase or decrease of incapacity due solely to the injury." Comp. St. Supp. 1941, sec. 48-142. For what reason may the first judgment be modified? This proceeding cannot be used for the purpose of correcting judicial error, if any, in the original proceeding. *Connelly v. Carnegie Dock & Fuel Co.,* 148 Minn. 333, 181 N. W. 857. "An award will not be changed unless the board has statutory authority, and the one seeking to change the award presents evidence bringing the case within the statutory provisions." 2 Schneider, Workmen's Compensation (2d ed.) 1980. The question of "increase or decrease" must be determined upon facts arising "from the date of the agreement or award." *Huff v. Omaha Cold Storage Co.,* 136 Neb. 907, 287 N. W. 764. We start then with the fact, not to be here disputed, that the plaintiff was permanently and totally disabled as of March 5, 1938, the date of the district court's award in the original proceeding. The inquiry here then is, has the plaintiff had a "decrease of incapacity due solely to the injury" since that date? Defendants argue that the word "incapacity" as here used means "earning power" and "industrial worth." Plaintiff argues that it means "physical condition." It is noted that the inquiry is not limited to "increase or decrease of incapacity," but is further limited to incapacity "due solely to the injury." The legislature has defined injury for us as meaning "only

violence to the physical structure of the body and such disease or infection as naturally results therefrom." Comp. St. Supp. 1941, sec. 48-152. The incapacity therefore into which the courts may inquire in this proceeding and use as a basis for the modification of an award is that increase or decrease of incapacity which is due solely and only to that violence to the physical structure of plaintiff's body which resulted from his accident, and which increase or decrease has occurred since the award was rendered. It clearly relates to plaintiff's physical condition. In *Great Western Sugar Co. v. Hewitt,* 127 Neb. 790, 257 N. W. 61, this court said: "The judgment entered by the trial court in the case at bar is not final in the sense that it can never be inquired into again, but section 48-142, Comp. St. 1929, provides that, in a case of this kind, when payments have been ordered to be periodically made for a period longer than six months, at any time after six months an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury, and upon said application being filed the whole question of plaintiff's physical condition can again be inquired into as of that time." Any increase or decrease of incapacity due to other causes is not within the scope of the authorized inquiry and cannot be used as a basis for a modification of the award.

Clearly, the improved economic situation in which plaintiff has placed himself is due to his advanced studies and mental training. It has not resulted from any improvement in the physical structure of his body to which violence was done by his accident. This court early held that an employee should not be penalized "because he had by education and training fitted himself for more remunerative employment." *Epsten v. Hancock-Epsten Co.,* 101 Neb. 442, 163 N. W. 767. Defendants state that to so construe the statute is "unreasonable." We think such a construction is entirely in keeping with the language used and the intent of the act as a whole. The compensation act clearly contemplates that there will ultimately be a partial rehabilitation of those employees who have received a permanent disability. The

schedules of compensation set out in section 48-121, Comp. St. 1929, as amended by section 48-121, Comp. St. Supp. 1941, provide for automatic reduction of compensation after certain periods of time. These reductions do not presuppose decrease of incapacity due to the injury, but rather presuppose that within the periods of time named the employee will have adjusted himself to his disability and established a new basis of self-support. See *Hull v. United States Fidelity & Guaranty Co.*, 102 Neb. 246, 166 N. W. 628. The defendants are receiving that automatic decrease in the compensation they are obligated to pay the plaintiff. They are not entitled to a further reduction because of the plaintiff's success, since the award, in assuring a livelihood to himself during the period in which the act contemplates he should be able to work out that rehabilitation.

Defendants state that their first proposition is directly based upon the case of *Micek v. Omaha Steel Works,* 136 Neb. 843, 287 N. W. 645. Two questions were determined in the *Micek* case. First, was Micek partially or totally disabled? Second, what rate of compensation should he receive? On the first question it was determined that Micek was not totally disabled, and in reaching that conclusion his then ability to earn in another field of employment was considered. Here there has been a final determination that plaintiff was totally and permanently disabled as of the date of the first trial. We cannot now reinquire into that matter. Our inquiry here is limited to the question of whether or not since that time there has been a decrease of incapacity due solely to the injury. We do not consider the *Micek* case, or other cases cited, in point on the question here presented.

For authority of the court to modify this award defendants also rely upon the cases of *Safety Insulated Wire & Cable Co. v. Court of Common Pleas,* 90 N. J. Law, 114, 100 Atl. 846, *Fennessey's Case,* 120 Me. 251, 113 Atl. 302, and *Skelton Lead & Zinc Co. v. State Industrial Commission,* 100 Okla. 188, 229 Pac. 255. These cases may be distinguished on a number of grounds. It is sufficient here to point out that the courts of those states were given by stat-

ute far broader powers of modification than that which is vested by statute in the courts of this state.

In determining the question of the present disability of the plaintiff the trial court was presented, as are we, with this situation. There has been a determination, as of the date of the first trial, that the plaintiff was permanently and totally disabled. As has been pointed out, that finding became a final adjudication. Its correctness may not be questioned successfully in this proceeding, and any finding here made must be based upon that fact. The defendants' evidence here presented does not assume that fact, but rather is premised in part on the proposition that the plaintiff was but partially disabled at the time of the last trial and is now less so. On the contrary, plaintiff's two expert witnesses base their conclusion on the premise that he was totally and permanently disabled as of the date of the first trial. In the previous trial the plaintiff carried the burden of proof and the trial court and this court accepted their evidence and conclusions in determining the question of extent of disability. By the same token the evidence of the defendants was rejected. Defendants did not then, but now do, carry the burden of proof. *Metropolitan Dining Room v. Jensen, supra.* Were we now to accept the testimony of defendants' expert witnesses, we would now be accepting as true evidence which we refused to agree with at the first trial and would in effect be changing our former adjudication in this matter. While it is true that the testimony of one of plaintiff's witnesses might, if accepted, support a finding of less than total disability, we are not unmindful of the fact that the witness had not observed the plaintiff's condition at the time of the former adjudication, did not start with the base of his then total disability; that the trial court heard the testimony of that witness, saw the plaintiff's physical condition and accepted the testimony of the witnesses that there had been no material change in plaintiff's physical condition. We see no controlling reason for reaching a different conclusion.

The plaintiff is allowed an attorney's fee of $150 for services in this court.

The judgment of the district court is affirmed.

AFFIRMED.