Argued January 17; affirmed March 20, 1945

# HOFFMEISTER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(156 P. (2d) 834)

Before Belt, Chief Justice, and Rossman, Bailey, Lusk and Hay, Associate Justices.

*Wesley A. Franklin* and *T. Walter Gillard*, Assistant Attorneys General (George Neuner, Attorney General, and John K. Crowe, Herbert A. Cooke, and T. Walter Gillard, Assistant Attorneys General, on the brief), for appellant.

*Kneland C. Tanner*, of Portland (Kneland C. Tanner, Maurice D. Sussman, and Tanner & Clark, all of Portland, on the brief), for respondent.

BELT, C. J.

This is a Workmen's Compensation case. There are no questions of fact involved. A general demurrer was sustained to the further and separate answers of the State Industrial Accident Commission and, upon its refusal further to plead, judgment upon the pleadings was entered in favor of the plaintiff claimant directing the commission to reinstate an award of permanent total disability. From such judgment the commission appeals.

The pleadings disclose the following factual situation in so far as it is material to a consideration of the question presented on appeal:

On June 27, 1933, the commission made an award of permanent total disability as of April 8, 1933, and provided that the "amounts paid on the permanent partial disability award previously entered be applied to said permanent total disability award as a lump sum payment." It was further ordered that "said claimant be extended the privilege of Vocational Retraining providing a plan for retraining can be worked out between said claimant and the State Director for Vocational Rehabilitation and that if said claimant is rehabilitated to the extent that he is enabled to pursue a gainful occupation that a readjustment of said award be made following the termination of said retraining."

On May 21, 1943, or about ten years after the first award, the commission made the following order:

"That the above named claimant's award of compensation for permanent total disability heretofore granted him by order dated June 27, 1933 was granted under the following terms and conditions: 'IT IS FURTHER ORDERED that said claimant be extended the privilege of Vocational Retraining providing a plan for retraining can be worked out between said claimant and the State Director for Vocational Rehabilitation and that if said claimant is rehabilitated to the extent that he is. enabled to pursue a gainful occupation that a readjustment of said award be made following the termination of said retraining.'

"It appearing that claimant has rehabilitated himself and has been working in a gainful occupation for more than two years last passed and is, in fact, not permanently and totally disabled; and

"It further appearing that claimant has heretofore received in the form of permanent total disability payments, permanent total disability lump sum payments and permanent partial disability award payments, a sum in excess of $6,000,

"IT IS NOW, THEREFORE, HEREBY ORDERED That claimant's claim for compensation for permanent total disability be terminated and canceled as of June 1, 1943, and that claimant be and he hereby is granted a permanent partial disability award, in addition to all payments heretofore made, equal to 20 degrees in full and final settlement of all claims for compensation arising out of any accidental injury to his hands he may have heretofore received while working subject to the compensation law of this state."

It is from this last order that the claimant appealed to the circuit court.

The commission, in its first and separate answer, described with particularity the injury to the fingers and the extent of the amputation thereof and, in effect, impeached its previous award. It alleges:

"That in truth and in fact the injuries to the fingers of the left and right hands of the plaintiff described in this further and separate answer do not and never did amount to the loss of use of both hands nor did they amount to the loss by separation of both hands and the plaintiff is not now and never has been permanently and totally disabled by reason of the combined effect of said two accidental injuries."

As a further and second answer, the commission alleged:

"That the plaintiff is now and for more than two years last past has been actually continuously

engaged in the performance of the acts required to enable him to earn a living at a gainful occupation and has in fact worked at a gainful occupation continuously for more than two years last past and earned a substantial living and that the plaintiff is not now totally incapacitated from performing any work at any gainful occupation.''

The demurrer presents the legal questions as to whether the commission was authorized to modify or diminish the award of permanent total disability when there had admittedly been no change in the physical condition of the claimant. Was the commission authorized to change the award assuming that the claimant did not, within the meaning of the Workmen's Compensation Act, sustain the loss of both hands? Does the fact that plaintiff for the past two years has continuously ''earned a substantial living'' authorize the commission to diminish the award?

Section 102-1756, O. C. L. A., thus defines permanent total disability:

"Permanent total disability means the loss of both feet or hands, or one foot and one hand, total loss of eyesight or such paralysis or other condition permanently incapacitating the workman from performing any work at any gainful occupation.''

The above section also provides that, when permanent total disability results from the injury, the claimant shall be paid a specific monthly sum during the period of such disability.

It clearly appears from the pleadings that the award of permanent total disability was based upon the loss of the use of both hands—plaintiff having been obliged to have approximately one half of all the fingers of both hands amputated as a result of injuries sustained

while working for an employer operating under the Workmen's Compensation Act.

■■ We think res adjudicata applies as of the date of the order awarding plaintiff compensation on the basis of permanent total disability: *Grunnett v. State Industrial Accident Commission,* 108 Or. 178, 215 P. 881; *Wicko v. Ford Motor Co.,* 292 Mich. 335, 290 N. W. 818; *Klum v. Lutes-Sinclair Co.,* 236 Mich. 100, 210 N. W. 251; *Stice v. Consolidated Ind. Coal,* 228 Iowa 1031, 291 N. W. 452; *Le Bire v. Department of Labor and Industries,* 14 Wash. (2d) 407, 128 P. (2d) 308; *Brown Bros. v. Parks,* 176 Okla. 615, 56 P. (2d) 883. Also see exhaustive note 122 A. L. R. 550. Since it is admitted that there has been no change in the physical condition of the claimant subsequent to such award, its findings are final and conclusive: 71 C. J. 1438, Workmen's Compensation Acts, § 1399 (3). Obviously, in view of the nature of the injury, there could be no change in plaintiff's physical condition so far as his fingers are concerned. They are gone forever. The commission, by its award of June 27, 1933, impliedly found that the injury to plaintiff's fingers completely deprived him of the use of his hands. Whether such finding was proper in the light of the record is immaterial in this proceeding. It remained only for the commission to award to plaintiff unconditionally the specific monthly allowance provided by statute. When the injury, such as in the instant case, comes within a certain fixed schedule of compensation, the commission, as an administrative body, has no discretion to exercise about awarding the compensation due the injured workman and can attach no conditions thereto.

The statute fixes the compensation for the loss of certain members of the body and such schedule can

not be changed by the commission. As said in *Kajund-zich v. State Industrial Accident Commission,* 164 Or. 510, 102 P. (2d) 924:

> "* * * The right of a workman to receive compensation for injuries sustained by him in the course of his employment is purely statutory. The workman, the commission and the court are bound by the statute fixing the amount of compensation for specific injuries * * *."

■ Injury resulting in the loss of the use of the hands does not come within the latter part of the statutory definition of permanent total disability, viz: "or other condition permanently incapacitating the workman from performing any work at any gainful occupation."

■■ No doubt the legislature thought that a workman who had lost both hands would not be able to compete in the labor market and earn a livelihood under normal condition. He is looked upon as a nondescript in the labor market. It is true that the maimed and the crippled in these times of manpower shortage and war conditions may obtain employment, but it is common knowledge that such workmen ordinarily will not be employed when men physically sound are available. Economic changes have no bearing on the question of diminishing or increasing awards under the Workmen's Compensation Act.

■ Neither do we think an injured workman should be penalized because he has the fortitude and courage to strive to overcome physical handicap. In the instant case, the plaintiff has been paid on the basis of total permanent disability for a period of ten years. Why should his award be diminished merely because, during the last two years, he has fought to overcome

adversity? If awards are to be changed for such reason, then it behooves the injured workman to remain idle. We refuse to put a premium on idleness: *New York Indemnity Co. v. Industrial Commission,* 86 Colo. 364, 281 P. 740.

7. We are not unmindful of § 102-1771 (subsection d), O. C. L. A., which provides:

> "The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time, modify, change or terminate its former findings, orders or awards if in its opinion such action is justified.  *  *  *"

The continuing jurisdiction thus conferred upon the commission does not, however, authorize it to change awards where there has been no change in the physical condition of the claimant: *State ex. rel. Griffin v. State Industrial Accident Commission,* 145 Or. 443, 28 P. (2d) 237. It is not contended that the commission is authorized by such enactment to act arbitrarily or capriciously in changing its orders or awards. What we have said must be read in the light of the particular factual situation. Here, we are dealing with a type of injury in which there will never be any change of physical condition. We may readily conceive of certain types of injuries which at one time might well be considered as cases of permanent total disability but which, later, by reason of improvement resulting from surgical operation or some other cause would no longer be thus considered, and the commission, by virtue of the continuing jurisdiction vested in it, would be authorized to diminish the award.

Authorities cited by appellant from other jurisdictions are not helpful for the reason that the statutory basis for compensation differs from that of this state.

*Marhoffer v. Marhoffer,* 220 N. Y. 534, 116 N. E. 379, cited by appellant, is illustrative. The court in that case said:

> "The theory of the New York law is not indemnity for loss of a member or physical impairment as such, but compensation for disability to work made on the basis of average weekly wages."

In most jurisdictions compensation is based upon average weekly wage: Horovitz on Workmen's Compensation, p. 262. Here, a stated sum is fixed by statute as compensation for loss of use of the hands.

*Chebot v. State Industrial Accident Commission,* 106 Or. 660, 212 P. 792, is not contrary to the conclusion reached herein. In that case the claimant sought compensation on the basis of a permanent total disability for injury to his eyes. The petition was denied by the commission and appeal was had to the circuit court. On trial, the jury found for the claimant as prayed for in his petition. On appeal here, the judgment was reversed because the verdict was inconsistent with the special findings of fact and did not authorize an award of permanent total disability. We fail to see where this case has any application to the facts involved herein.

The judgment is affirmed.

BAILEY and LUSK, Justices, concur in the result.