Argued October 15, reversed October 26, petition for rehearing
denied November 23, 1955

# GREGORY *v.* STATE INDUSTRIAL ACCIDENT
# COMMISSION
### 288 P. 2d 1069

*Roy K. Terry,* Assistant Attorney General, of Portland, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, both of Salem.

*K. C. Tanner,* of Portland, argued the cause for respondent. With him on the brief was Richard R. Carney, of Portland.

Before WARNER, Chief Justice, and LUSK, BRAND and LATOURETTE, Justices.

PER CURIAM.

On December 27, 1950, plaintiff, Donald W. Gregory, an employee under the Workman's Compensation Act, filed a complaint in the circuit court. This complaint constituted an appeal from the order of the State Industrial Accident Commission of October 18, 1950, suspending plaintiff's total permanent disability payments made pursuant to the commission's order of December 17, 1947.

Defendant appeals to this court from a judgment on the pleadings in favor of plaintiff. The pleadings before us and on which the judgment was entered are the complaint and the fourth answer filed, denominated "Third Amended Answer", but which was erroneously designated as the "Fourth Amended Answer" in the judgment.

On or about March 1, 1945, while employed by McCulloch & Sons, plaintiff sustained personal injuries arising out of and during the course of his employment by violent and external means. The injuries consisted of a broken back and broken arms, involving a fracture of the third and fourth dorsal vertebrae,

with marked compression, a deformity of a third thoracic vertebral body, a comminuted fracture of the lower end of the radius and ulna in the wrist joint in the left arm, and a fracture of the lower end of the radius in the right arm. Plaintiff's brain and central nervous system were also injured.

The complaint alleges a number of awards to the plaintiff by the commission which resulted in an order dated December 17, 1947, granting to plaintiff compensation for permanent total disability from said date; and further, that thereafter and on August 22, 1950, the commission on its own motion ordered a hearing to be held on September 7, 1950, to determine whether the permanent total disability award granted plaintiff should be modified to a permanent partial disability award; and that pursuant to the request of the commission, plaintiff submitted to a physical examination and said physical examination disclosed no physical or anatomical change and disclosed affirmatively the same physical and anatomical condition which existed at the time of the aforesaid adjudication of December 17, 1947.

It is further alleged that the commission, on October 18, 1950, entered an order suspending payment of total permanent disability as of October 1, 1950, until the condition of said plaintiff supports a reinstatement of permanent total disability. It is further alleged that on or about November 9, 1950, plaintiff filed a petition for rehearing which petition was denied on December 9, 1950, and that the action of the commission in the aforementioned respect was unjust, erroneous and illegal.

The commission's third amended answer denies each and every allegation contained in the complaint, excepting those allegations specifically admitted by its

further separate answer and defense. The defense, inter alia, is as follows:

"III. That after the making of said order of December 17, 1947 plaintiff's physical condition started to slowly improve through the benefits of rest and improved mental condition and the healing processes of nature, and by the month of May 1948 he had completely recovered from the disabilities arising from his broken arms and had very largely, but not completely, recovered from the disabilities incident to the injuries to his back and head as aforesaid, and that at said time he was able to resume his former occupation as a truck driver and was hired by the Cascade Construction Company of Portland, Oregon as a truck driver for one of its gravel trucks, and that said occupation was a gainful occupation; that plaintiff worked regularly at his occupation of a truck driver from the month of May 1948 through a part of the month of November 1950; that thereafter and in the month of November 1950 the plaintiff terminated his employment with the Cascade Construction Company and entered the employment of the Convoy Company of Portland as a truck driver and was engaged in driving trucks, both within and without the State of Oregon, for said company and that he continued said employment until the month of July 1951; that said occupation was a gainful occupation and was more gainful than his occupation while working for the Cascade Construction Company; that during the month of July 1951 plaintiff ceased his employment as a truck driver for said Convoy Company and began to work as an automobile mechanic for said company and is now steadily employed by said Convoy Company as a mechanic; that all of said employment has been possible because of the improvement in his physical and mental condition.

"IV That relying upon investigations made on its behalf the Defendant on August 22, 1950, made the following order:

" 'With respect to the above claim, the Commission finds:

IT IS HEREBY ORDERED, on the Commission's own motion, that a hearing be set for the purpose of securing additional factual material to make a determination of whether the permanent total disability award granted Mr. Gregory should be modified to a permanent partial disability award; said hearing to be held at the office of the Commission, 427 S. W. Eleventh Avenue, Portland, Oregon on Thursday, September 7, 1950 at 10:00 A.M., daylight saving time. You are requested to be present at that time.' "

That a hearing was duly had on Thursday, September 7, 1950, before the State Industrial Accident Commission at its office in Portland, Oregon, and evidence was adduced showing that plaintiff was, and for some time had been, gainfully employed at his former occupation, and therefore on the 18th day of October, 1950 the Commission made and entered the following order:

" 'With respect to the above claim, the Commission finds:

That the claim of Donald W. Gregory was finally closed by Commission order dated December 17, 1947 by the terms of which said claimant was granted an award for permanent total disability. It appearing, from medical facts and also earnings indicative of a gainful wage, that said claimant is, at least temporarily, not permanently totally disabled,

THE COMMISSION HEREBY ORDERS that payments for permanent total disability be suspended as of October 1, 1950; said payments to remain in suspension until the condition of said claimant supports a reinstatement of permanent total disability payments.' "

Plaintiff thereupon, without filing a reply, moved

for judgment on the pleadings, which motion was allowed.

Under sections 656.206 ORS and 656.278 ORS, the commission has continuing jurisdiction to enable it to modify its awards in a case of this kind where there is no automatic permanent total disability such as loss of hands, feet or eyesight. See *Hoffmeister v. SIAC,* 176 Or 216, 156 P2d 834; *State ex rel. Griffin v. SIAC,* 145 Or 443, 28 P2d 237. Plaintiff recognizes this rule.

We quote from his brief as follows:

"* * * The respondent recognizes the distinction which the statute makes with respect to a permanent disability based upon the loss of specific members of the body and 'other conditions' permanently incapacitating the workman. In both instances however, the statute requires the Commission to make an adjudication.

"* * * * *

"* * * We believe the law safeguards to this workman the benefits of the award of December 17, 1947, until the Commission makes a finding based upon medical evidence that there has been a change in the physical and anatomical condition of the workman."

The matter is thus pin-pointed: Do the pleadings show that the order of October 18, 1950, setting aside the order of December 17, 1947, was based on a change in plaintiff's condition subsequent to the order of December 17, 1947? The answer may be found in paragraph III of the answer hereinbefore set out wherein it is said "that all of said employment has been possible because of the improvement in his physical and mental condition," and in the order referred to in paragraph IV of the answer wherein it is stated "It appearing, from medical facts and also earnings

indicative of a gainful wage, that such claimant, at least temporarily, is not permanently totally disabled.''

From the foregoing it appears that the question of plaintiff's improvement subsequent to the order of December 17, 1947, was an issue in the case and therefore, the court erred in granting plaintiff judgment on the pleadings.

The judgment will be reversed. Plaintiff will be permitted to join issue by filing a reply to the third amended answer.