367 P.2d 916

**Pablo LUCERO, Claimant, Plaintiff-Appellee,**

v.

**Jasper KOONTZ, Employer, and Century Indemnity Company, Insurer, Defendants-Appellants.**

No. 6856.

Supreme Court of New Mexico.

Jan. 5, 1962.

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for appellee.

Modrall, Seymour, Sperling, Roehl & Harris, Burns H. Errebo, Frank Allen, Jr., Albuquerque, for appellants.

CARMODY, Justice.

Appellants sought to decrease or terminate appellee's total permanent compensation, which had been awarded by a jury verdict some two years previously.

The only testimony submitted to the court on the motion was that of a doctor, who testified that appellee's back "impairment" was from fifteen to twenty per cent. The doctor consistently stated that he was referring to medical impairment, not disability. Following the doctor's testimony, appellants rested and, on motion of appellee, the court denied the application to decrease or terminate the amount of compensation.

The sole ground on appeal is the claimed error that the court denied the motion without hearing appellee-claimant's evidence, appellants apparently contending that the medical testimony was sufficient to shift the burden of proof to the claimant.

The evidence is plain that appellee was unable to perform the type of work which he had been performing at the time of his injury. It is also clear that appellee was able to do so-called "light" work. Is this a sufficient showing to warrant the trial court in denying relief at the time that it did, or should the court have required appellee to "go forward" with his proof? We believe the trial court was correct.

The evidence of fifteen to twenty per cent medical impairment, standing alone, is not substantial evidence as to what was the disability of the workman. In order to be free from total disability, a workman must be physically able to do the work required of him in his regular employment. See, Hanks v. Walker, 1955, 60 N.M. 166, 288 P.2d 699.

There was also testimony from the doctor that appellee was improved over his previous condition, but this testimony referred to appellee's ability to do lighter jobs, and did not relate to his ability to return to his former work. See, Lipe v. Bradbury, 1945, 49 N.M. 4, 154 P.2d 1000; and Smith v. Spence & Son Drilling Co., 1956, 61 N.M. 431, 301 P.2d 723. Actually, the doctor testified that he did not believe that appellee could perform the type of work that he formerly did. In Rhodes v. Cottle Construction Co., 1960, 68 N.M. 18, 357 P.2d 672, 674, we said:

"The ability to perform certain limited functions of the workman's trade does not necessarily mean that he can obtain or retain gainful employment. A workman may be able to perform certain limited portions of his trade and still, by reason of his accidental injury, be unable to perform other duties generally required of one in his trade and by reason thereof be unable to obtain or retain employment in that trade."

From our examination of the very brief record, we are convinced that appellants failed to show, by substantial evidence, that there was a diminution of appellee's disability. The ruling of the trial court was not, as contended by appellants, a weighing of the evidence, but was merely a determination that there was no substantial evidence to support the petition. It would have been contrary to the proof to determine, from the evidence offered, that appellee could perform the duties generally required in his trade, and there was no proof that he would be able to obtain or retain employment. Also, the record is silent as to appellee's educational background, training or experience. Thus, the court would have had no basis upon which it could determine if appellee could obtain some other type of employment, assuming he was not completely disabled.

Appellee seeks an award for attorney's fees for this appeal, and the same will be allowed. However, in view of the relatively simple problem briefed and presented, the fee will be fixed at $500.00.

The decision of the district court will be affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

MOISE and NOBLE, JJ., not participating.