418 P.2d 533

**Warner W. BARTLETT, Plaintiff-Appellant,**

**v.**

**Jack B. SHAW and Harry B. Gilmore, a co-partnership d/b/a Allied Supply Company, Employer, and American Employers' Insurance Company, Insurer, Defendants-Appellees.**

**No. 7969.**

Supreme Court of New Mexico.

Sept. 26, 1966.

Leonard T. May, Carlsbad, for appellant.

McCormick, Lusk, Paine & Feezer, Don G. McCormick, Michael F. McCormick, Carlsbad, for appellees.

OPINION

CHAVEZ, Justice.

Plaintiff-appellant appeals from the trial court's order reducing appellant's work-

men's compensation benefits. Defendants-appellees sought diminution of appellant's benefits in accordance with § 59-10-25, N.M.S.A., 1953 Comp., as it existed at the time of appellant's injury and award. After a hearing, the trial court ordered that appellant's benefits be reduced to 20% of total disability.

Appellant was injured on June 16, 1958, while employed by Allied Supply Company, a co-partnership, as a repairman of heavy equipment in the oil fields. On November 23, 1960, he was awarded total disability compensation at the then prevailing rate of $30 per week.

Through self-education and on-the-job training, appellant was able to obtain a position as a salesman in an auto parts store. He worked steadily and was a satisfactory employee for about 1½ years prior to the hearing from which he appeals. A doctor's testimony indicated that appellant should be able to continue his work indefinitely. Expert testimony at the hearing, which was not challenged, stated that appellant suffered between 10% and 20% disability to the body as a whole.

The parties agree that the law in effect at the time of appellant's injury should control this appeal.

Appellant's first point states that there is no substantial evidence to support the diminution order, and appellees respond by asking that we dismiss the appeal because appellant failed to state "the substance of all evidence bearing upon the proposition with proper references to the transcript," as provided in our Rule 15(6). Under this point appellant argues that the trial court misconstrued the Workmen's Compensation Act, which presents primarily a question of statutory interpretation, rather than one of substantial evidence.

Appellant's contention is that the Workmen's Compensation Act permits a person to draw total disability payments, even if he acquires new skills and employment, so long as the disability from his injury prevents him from performing the vocation which he had at the time of his injury.

Appellant directs our attention to Evans v. Stearns-Roger Manufacturing Co., (10th Cir. 1958), 253 F.2d 383, in which the court refused to order diminution of a claimant's compensation under our statute. In that case, the court held that the record did not show an improvement in claimant's condition which would warrant a reduction in compensation from 75% to 50% disability and that, if anything, the testimony showed that his condition would get worse. It is important to note that the Evans case involved a claimant who had temporary employment, not one in which the evidence suggests that the claimant obtained and retains employment of a permanent nature. In Evans the court also held that the claimant was within his rights in refusing to submit to a major operation.

Appellant cites three cases from other jurisdictions in which the courts refused to diminish compensation benefits when a person overcame a permanent physical disability and secured employment. In Epsten v. Hancock-Epsten Co., 101 Neb. 442, 163 N.W. 767, the court was concerned with a statute which determined compensation by comparing wages received at the time of the injury with "earning power" after injury. The court concluded that an amputated toe had impaired claimant's earning capacity, even though claimant had attended school, qualified for a more remunerative job, and was earning more than at the time of the accident.

In a later case, Ludwickson v. Central States Electric Co., 142 Neb. 308, 6 N.W.2d 65, the same court rejected an application for modification of a compensation award. The applicable statute allowed such modification "on the ground of increase or decrease of incapacity due solely to the injury." The court held that claimant's improved economic condition was due to his advanced studies and mental training, and had not resulted ·from any improvement in the physical structure of his body.

Our statute is not like either of those considered by the Nebraska court in the above cases and they are not applicable in the instant case.

In Hoffmeister v. State Industrial Accident Commission, 176 Or. 216, 156 P.2d 834, the court was confronted with a statute which defined permanent total disability as "the loss of both * * * hands." The court stated that, when the commission decided the injury to claimant's fingers deprived him of the use of his hands, it remained only for the commission to award claimant the fixed schedule of compensation provided by statute, and that it had no discretion to exercise about awarding the compensation or attaching conditions thereto. Hoffmeister is of no assistance in the instant case, since the Oregon legislature's definition of total disability was far different from New Mexico's definition of the term, a definition established by case law until legislative action a year after appellant's injury.

In Lucero v. Koontz, 69 N.M. 417, 367 P.2d 916, cited by appellant, we held that the employer had not shown, by substantial evidence, that there was a diminution in claimant's disability. We pointed out that there was no evidence of claimant's training or experience, no proof that he would be able to obtain and retain employment, and that the trial court had no basis upon which it could determine if claimant could obtain some other type of employment.

To the contrary, the testimony in the instant case indicates that appellant learned a new vocation, obtained employment and attended to it satisfactorily, and that he should be able to do so indefinitely.

This court construed the meaning of "total disability" in Seay v. Lea County

Sand and Gravel Company, 60 N.M. 399, 292 P.2d 93. We there approved an instruction to the jury stating that total disability exists when a claimant "is unable by reason of his accidental injury to obtain and retain gainful employment," taking into consideration "the activities of the plaintiff, his age, education, training and general physical and mental capacity and adaptability."

In Lozano v. Archer, 71 N.M. 175, 376 P.2d 963, we cited several New Mexico cases for the following definition of total disability prior to 1959:

" 'Total disability, within the Workmen's Compensation Act, may be said to exist when, considering the age, education, training, general physical and mental capacity and adaptability of the workman, he is unable by reason of his accidental injury to obtain and retain gainful employment.' "

There is uncontroverted evidence in the instant case showing that appellant has obtained, retained, and should continue indefinitely to retain gainful employment. Under the above definition, appellant is no longer totally disabled.

Uncontradicted, expert testimony assessed appellant's disability to his body as a whole at between 10% and 20%. In accordance with this testimony and § 59–10–25, supra, it was not error for the trial court to reduce appellant's compensation benefits to 20% of total.

In view of what we have said, there is no merit in appellant's second point, that the trial court's findings of fact do not support the court's conclusions of law.

We do not believe the result in this case discourages initiative or places a premium on idleness. The record reveals that appellant was earning about 2½ times as much per month by obtaining employment, than he would have received by way of compensation benefits. Nor does the result ignore the fact that appellant must overcome a handicap in performing the duties of his new vocation. Appellant will continue to receive compensation benefits in proportion to the amount of disability to his body as a whole.

The judgment of the trial court is affirmed. It is so ordered.

COMPTON J., and JOE W. WOOD J., Court of Appeals, concur.