451 P.2d 308

Raymond GOOLSBY, Plaintiff-Appellant,

v.

PUCCI DISTRIBUTING COMPANY, Employer, and Aetna Casualty and Surety Company, Insuror, Defendants-Appellees.

No. 247.

Court of Appeals of New Mexico.

Feb. 14, 1969.

Thomas Schall, Schall, Sceresse & Addis, Albuquerque, for plaintiff-appellant.

Irving E. Moore, Albuquerque, for defendants-appellees.

## OPINION

WOOD, Judge.

The original judgment recites: "That the probable duration of Plaintiff's total disability is six months from date." Workmen's compensation was awarded for these six months. Medical benefits and an attorney's fee were also awarded. Plaintiff filed two motions seeking additional benefits under § 59–10–25, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp. 1967). His first motion asked for a hearing on the question of whether additional benefits should be awarded. The trial court granted this hearing, but subject to terms. His second motion asked the trial court to award additional benefits on the basis of uncontradicted evidence. The trial court denied this second motion. The appeal challenges the correctness of these rulings.

Section 59–10–25, supra, reads in part:

"A. The district court in which any workman has been awarded compensation under the Workmen's Compensation Act [59–10–1 to 59–10–37] may, upon the application of the employer, workman, or other person bound by the judgment, fix a time and place for hearing upon the issue of claimant's recovery * * *. And if it shall appear upon such hearing that the disability of the workman has become more aggravated or has increased without the fault of the workman, the court shall order an increase in the amount of compensation allowable as the facts may warrant. * * *"

The issue, in proceedings under this section, is a change in the workman's condition subsequent to the original award. Compare Bartlett v. Shaw, 76 N.M. 753, 418 P.2d 533 (1966); Norvell v. Barnsdall Oil Co., 41 N.M. 421, 70 P.2d 150 (1937). Under this section, the trial court may extend the length of time compensation is to be paid. See Segura v. Jack Adams General Contractor, 64 N.M. 413, 329 P.2d 432 (1958). Plaintiff's motion sought such an extension.

*Denial of a hearing except on terms.*

Plaintiff's first motion sought a hearing under § 59–10–25, supra. He supported this motion by the affidavit of his doctor and the affidavit of his attorney incorporating the report of another doctor. The trial court's order is as follows:

"This matter having come on for hearing in due course, and the Court having examined the affidavits and exhibits, and being further fully advised in the premises, finds that it is reluctant to in any way modify the Judgment heretofore entered herein and would, in all probability, confirm the same."

The Order then states:

"THEREFORE, the Plaintiff will be heard upon his Motion on Terms, the same being: That the Plaintiff pay his own expert's fee and the fee of the Defendants' expert, should he be unsuccessful in his Motion. OTHERWISE, the Plaintiff's Motion is hereby DENIED."

While § 59–10–25, supra, states that the District Court "may" fix a time and a place for a hearing, it also states that a workman's application for additional benefits is to be resolved " * * * as the facts may warrant." The issue is a change in plaintiff's condition subsequent to the prior award. This factual matter is to be resolved at an evidentiary hearing resulting in new findings and a judgment in accordance with the new findings. See Segura v. Jack Adams General Contractor, supra. Plaintiff was entitled to a hearing on his

motion. Defendants conceded, at oral argument, that no hearing had been held.

■ The trial court's order stated that plaintiff could have a hearing, but only on terms. Section 59–10–25, supra, does not authorize the trial court to condition the hearing on such terms. If plaintiff is unsuccessful in his motion, it will be his obligation to pay the fee of any expert witness called by him. If unsuccessful, the trial court may assess against plaintiff, as costs, the fee of an expert witness who testifies for the defense under subpoena. Section 59–10–13.10, N.M.S.A.1953 (Repl.Vol. 9, pt. 1); § 20–1–4, N.M.S.A.1953 (Supp. 1967). However, such a cost is taxed after the hearing, and not as a condition to holding the hearing.

Further, the form of the order is not commended for further use. The order leaves the impression that the question of change in plaintiff's condition has been determined on the basis of the documents filed in support of the motion. The documents are insufficient for a determination of the question of change in condition. This will be shown in our discussion of plaintiff's second motion.

*Disregard of alleged uncontradicted evidence in denying additional benefits.*

Plaintiff's second motion sought an award of additional benefits on the basis of evidence which is asserted to be uncontradicted. The "evidence" on which plaintiff relied is the affidavits filed in support of the first motion. The trial court's order reads:

"Upon motion of the Plaintiff, the Court being fully advised in the premises, and having read the affidavits referred to in the said motion, finds that the Plaintiff's disability terminated entirely at the end of the six months provided for in the Court's original judgment filed herein and therefore the Plaintiff's motion is DENIED."

The trial court properly refused to award additional benefits on the basis of these affidavits. The attorney's affidavit incorporates a report of a doctor who examined plaintiff for the defense. This report shows that the doctor's opinion is based on an examination of plaintiff at a time prior to the original trial. This report recommends continued treatment and re-evaluation in a year. However, the report does not, and could not, indicate whether plaintiff's condition has changed subsequent to the trial.

The affidavit of plaintiff's doctor does refer to a change in plaintiff's condition subsequent to the trial. It states the doctor's opinion that plaintiff continued to be totally disabled until a certain date and thereafter that plaintiff continued to be disabled in the amount of 20% of the body as a whole. We do not know in what sense the word "disability" is used.

■■ If the opinion as to total disability and partial disability refers to medical disability it is not a basis for awarding additional benefits. An opinion as to medical disability does not resolve the question of disability under our Workmen's Compensation law. Disability, at the time of plaintiff's accidental injury, was defined in terms of being able to perform the usual tasks of plaintiff's work or of being able to perform any work for which he was fitted by age, education, training, physical and mental capacity and experience. Sections 59–10–12.18 and 59–10–12.19, N.M.S.A. 1953 (Repl.Vol. 9, pt. 1, Supp.1967); see Lucero v. Koontz, 69 N.M. 417, 367 P.2d 916 (1962).

If the opinion as to disability refers to disability as defined in §§ 59–10–12.18 and 59–10–12.19, supra, it does not require a finding of disability. Lucero v. Los Alamos Constructors, Inc. (Ct.App.), 79 N.M. 789, 450 P.2d 198, decided January 24, 1969.

■ The trial court did not err in denying additional benefits on the basis of the documents relied on in the motion. However, the trial court could not determine, on the basis of these documents, that plaintiff's disability ended six months after entry of the original judgment. The documents simply do not provide a basis for re-

solving the question of disability as defined in the Workmen's Compensation law.

The trial court's order denying additional benefits under § 59–10–25, supra, on the basis of the supporting documents is affirmed. The finding that plaintiff's disability ended six months after entry of the original judgment is reversed. The order granting plaintiff a hearing under § 59–10–25, supra, is affirmed but the terms to that order relating to expert witness fees are set aside.

The cause is remanded with instructions to hold a hearing on the motion for additional benefits under § 59–10–25, supra, and to otherwise proceed in a manner consistent with the views expressed herein.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.