GEORGE RIEDEL, APPELLEE, v. SMITH BAKING CO., A CORPORATION, ET AL., APPELLANTS.

33 N. W. 2d 287

Filed July 7, 1948. No. 32457.

*Cline, Williams & Wright,* for appellants.

*Chauncey E. Barney* and *Lester L. Dunn,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is a workmen's compensation case. The plaintiff, while in the employ of a baking company on September 21, 1941, received personal injuries arising out of and in the course of his employment when his left arm was caught in an automatic proofing machine which he was operating at the time. When he was released from the machine he suffered pain in his left arm and neck and felt dizzy, but was not unconscious. At that time he informed the doctor that he had pain in his back which appeared to be in the right side and in the middle thereof. He was taken to a hospital and his left arm was amputated about six inches below his

shoulder. A few days later he told the doctor he had a rupture. He was operated on for this condition.

On January 13, 1942, the plaintiff instituted an action in the Nebraska Workmen's Compensation Court, and on January 28, 1942, filed an amended petition therein. The amended petition alleged in substance that as a direct and proximate result of the accident the plaintiff sustained injuries to his left arm, requiring amputation of the same above the elbow, and a double hernia involving an extensive tearing and disarrangement of plaintiff's abdominal muscles and other internal and bodily injuries; that plaintiff was conveyed to a hospital and there attended by physicians, submitting to the amputation of his left arm and to an operation for the purpose of repairing a double hernia; that plaintiff was paid compensation by defendants at the rate of $15 per week for the period from September 22, 1941, to November 9, 1941, inclusive, a period of seven weeks; that the loss of the plaintiff's left arm and the general weakness and loss of use of the plaintiff's abdominal muscles occasioned by the double hernia and other internal bodily injuries sustained by the plaintiff resulted in the total and permanent disability of the plaintiff; further, that plaintiff was skilled in his trade as a baker and as a result of the injuries sustained will always continue to be unable to obtain employment in his trade and in any other trade or profession for which he would be otherwise fitted except for said injuries; and prayed that the plaintiff be awarded compensation for permanent total disability as provided by law, plus all hospital and medical expenses and other and further benefits as provided by law.

The evidence given by the plaintiff at the hearing detailed the accident and injuries received, and was to the effect: That since the accident the plaintiff was unable to work or lift, and was told by the attending doctor not to lift. He was unable to stand on his feet or walk for any period of time, and was forced to sit

down on account of his back. The bakery trade in which he was skilled required him to use his hands and to be on his feet most of the time, and he would be unable to carry on that occupation.

The award, entered February 11, 1942, by a judge of the Nebraska Workmen's Compensation Court, allowed the plaintiff $15 per week for a period of seven weeks from and after September 21, 1941, ending November 10, 1941, on account of temporary total disability; allowed the plaintiff the sum of $15 each week for a period of 225 weeks from and after November 10, 1941, on account of total and permanent loss of the use and function of his left arm; and found that the medical and surgical attention furnished the plaintiff, and all hospitalization furnished had been paid by defendants. There was no appeal taken from this award. On March 9, 1946, the plaintiff acknowledged receipt of all payments as provided for by the award, as shown by exhibit 6.

On June 15, 1946, the plaintiff filed a petition in the Nebraska Workmen's Compensation Court setting forth the accident of September 21, 1941, the previous litigation, and the award rendered; further alleged that the plaintiff was still totally disabled and as a result of the injuries sustained, as pleaded in paragraph 4 of the petition, in substance as follows: That as a direct and proximate result of said accident the plaintiff sustained injuries to his left arm, requiring amputation of the same above the elbow, and a double hernia involving an extensive tearing and disarrangement of the plaintiff's abdominal muscles, and other internal and bodily injuries; and alleged in paragraph 5 of the petition, "* * * that plaintiff is still totally disabled and as a result of the injuries sustained as aforesaid plaintiff is now totally and permanently disabled; that plaintiff has incurred hospital and medical expense as a result of the injuries and disabilities and will continue to require hospital and medical expenses"; that de-

fendants refuse to pay further compensation benefits; and plaintiff prayed that he be awarded compensation for total and permanent disability as provided by law, plus hospital and medical benefits, and such other and further benefits as provided by law.

On June 25, 1946, defendants filed an answer to the petition, admitting the allegation relating to the previous litigation and award, and that the award had been paid in full; alleged that the plaintiff had been paid all the compensation and furnished all the benefits to which he was entitled under the Nebraska Workmen's Compensation Act on account of the accident of September 21, 1941; denied that the plaintiff was suffering from any disability due and traceable to the accident of September 21, 1941, other than that for which an award of compensation was made by a judge of the Nebraska Workmen's Compensation Court on February 11, 1942; and alleged that any disability from which the plaintiff was suffering was due to causes in no way connected with the employment by the baking company.

The cause was tried by a judge of the Nebraska Workmen's Compensation Court on November 1, 1946. On November 6, 1946, the judge of the compensation court dismissed the plaintiff's cause of action for the reason that the evidence adduced at the hearing was insufficient to sustain the plaintiff's contention that he was totally disabled as a result of the accident and injuries, and that plaintiff's present disability, other than the loss of his left arm, was due to natural causes and advanced years and was not affected or due to the accident and injury, as alleged in plaintiff's petition.

On November 13, 1946, the plaintiff filed an application for rehearing before the Workmen's Compensation Court based on the following grounds: (1) That the evidence offered by plaintiff showed that plaintiff had never been able to work on any productive work since the accident; (2) that plaintiff had developed a total and permanent disability as a result of the accident

and injury which at the time of the award of February 11, 1942, was thought only to consist of the double hernia and loss of hand and arm; (3) that the plaintiff had developed a total permanent disability which at the time of the award of February 11, 1942, was unforeseen and undiscernible; and (4) that the accident and injuries sustained have now culminated into total and permanent disability.

Plaintiff filed an amended petition, setting forth that at the time of the hearing before the first judge of the Nebraska Workmen's Compensation Court on or about February 10, 1942, it was thought and expected that the plaintiff would fully recover except for the loss of the plaintiff's left arm and hand; that plaintiff's disability has now developed and culminated into a total and permanent disability; and prayed compensation for total and permanent disability.

The defendants' answer to the amended petition admitted the award entered by a judge of the compensation court on or about February 11, 1942; that the same had been paid in full; admitted the defendants refused to pay additional compensation; alleged that the plaintiff had been paid all of the compensation and benefits he was entitled to under the Nebraska Workmen's Compensation Act; denied the plaintiff's disability, if any, was due and traceable to the accident of September 21, 1941; alleged any disability from which the plaintiff was suffering was due to causes in no way connected with the plaintiff's employment with the baking company; and alleged further that the plaintiff's cause was barred by operation of law, since no suit was filed within one year from the alleged accrual of the alleged cause of action for modification of the award.

The three judges of the Nebraska Workmen's Compensation Court on December 19, 1946, entered a dismissal on rehearing and made the following findings: (1) That the plaintiff testified that on September 21,

1941, he suffered injuries to his back and arm and sustained a double hernia; (2) that those complaints were made at all times; (3) that the award entered by a judge of the Workmen's Compensation Court on February 11, 1942, was not appealed from, became final, and has been fully complied with; (4) that the evidence adduced was insufficient to sustain the finding that the plaintiff's alleged development and culmination of disability into total disability was the result of his accidental injury sustained in the course of his employment by the defendants; (5) that the plaintiff's present disability, other than the loss of his left arm, is due to natural causes and advanced age and is not in any way connected with an accidental injury in the course of his employment; and (6) that the order of dismissal entered by the compensation judge on November 6, 1946, should be sustained.

On December 31, 1946, the plaintiff filed a petition on appeal in the district court for Lancaster County, alleging that the dismissal on rehearing by the compensation court was contrary to the evidence and the law, and that the findings of fact were not supported by the record and did not support the order of dismissal. Defendants' answer was substantially similar to the answer to plaintiff's amended petition in the Nebraska Workmen's Compensation Court. Trial was had in the district court on July 16, 1947. The court entered a decree reversing the dismissal on rehearing, and after setting forth the facts of the original injury on September 21, 1941, the original award of compensation for the loss of the arm, and the payment of that award, made the following findings, in substance: That as a result of the accident and injury sustained by plaintiff while in the employment of the baking company, plaintiff's disability developed and culminated into a total and permanent disability, which disability at the time of the hearing on or about February 10, 1942, and the award of February 11, 1942, was unforeseen and undis-

cernible; that at said time it was thought the plaintiff would fully recover, except for the loss of plaintiff's left arm and hand; that plaintiff was totally and permanently disabled and the dismissal on rehearing made and entered by the Nebraska Workmen's Compensation Court on December 19, 1946, should be reversed and set aside and compensation benefits should be allowed to the plaintiff for total and permanent disability; that plaintiff's claim was not barred by the statute; and, further, that the plaintiff was entitled to compensation for total and permanent disability in the amount of $15 per week for a period of 68 weeks from and after March 10, 1946, and $10 per week thereafter for the remainder of the life of the plaintiff.

Motion for new trial was overruled on February 24, 1948, and defendants have perfected appeal to this court.

The record disclosed that at the time of the hearing in the trial court the plaintiff was 70 years of age. He testified in detail with reference to the accident and the injuries sustained; that he had pains at the present time in his back and in the middle thereof; and that he informed the doctor of a pain on the right side of his back. He further testified that he has not been able to work because of the trouble in his back, the hernia that he received at the time of the accident, and the loss of his left arm; that this has been true since the time of the accident; that he informed the judge of the Workmen's Compensation Court on the first hearing that due to the hernia and loss of the arm and the pain in his back he would not be able to work any more; that he knew this to be true since the accident; and that he has had such complaints since the time of the accident.

The attending physician who made an examination of the plaintiff shortly after the accident on September 21, 1941, testified in substance that the examination showed a mangled arm to and including the elbow, and a right

abdominal rupture; there was no other trouble that was disclosed at the time except the patient was in extreme shock and had naturally lost considerable blood. The doctor amputated the plaintiff's left arm immediately, and a few days thereafter when his condition would warrant, repaired the abdominal rupture. The patient had both a direct and indirect hernia as a result of severe strain, for which he was operated on. "* * * the strain pushed the gut through the canal and at the same time ruptured the muscles of the belly." This condition was repaired. There was no other difficulty at the time. The patient complained of the pain in the back, but nothing was discovered with reference thereto. Some seven months later the patient began to pass blood in the urine and was having severe pains. He was then taken to the hospital, examined by an urologist, and a small stone had come loose and stuck in the ureter, which was removed, resulting in a good recovery and restoring the kidney to normal function. The condition of the stone in no manner related itself to the injury sustained in the accident. The doctor believed the patient had as much pain from muscular strain of the lumbar muscle of the back, because of extreme exertion when the plaintiff endeavored to extricate himself from the machine he was operating, as from the stone. The strain of the muscles was connected with the injury, due to the fact that the plaintiff was exerting every ounce of effort to extricate himself from the machine, to the extent that he had a rupture of his "belly" muscles, which would strain the muscles in the back, to which the doctor attributed his pain. Since the injury the doctor has seen the plaintiff at intervals and at all times the plaintiff complained of injury to his back which the doctor felt was a chronically strained muscle.

With reference to his condition at the time of the hearing, the doctor testified in substance that the plaintiff was totally disabled; that he had suffered a serious injury that would be expected to disable a man of the

plaintiff's age, especially a laboring man making a living by his arms; that the loss of an arm would upset him psychically as well; and that plaintiff was of an age where he could not rehabilitate himself, which would result in a psychical effect which was attributable to the accident and injury. The abdomen had healed and disclosed a good result from operating work.

Before the hearing of February 10, 1942, the doctor considered the plaintiff had recovered insofar as his treatment was concerned. It was following this treatment that he passed blood in the urine. The complaints made by the plaintiff when the doctor did see him were the loss of the arm, the difficulty with the hernia, and the strain and difficulty in the back. There was no infection in his body. With the exception of the kidney stone development, there had been no change since February 10, 1942, except that the doctor felt the patient was suffering from a psychic effect from the injury and loss of his arm which has been present at all times, and he has never been able to work since the accident. The psychic effect is mental, the accident and injury having impressed him more than it would a man who was making his living in other methods. He is honest about his psychic effect, knowing that he required two hands in the work that he was doing. When the plaintiff was discharged the doctor did not think he could go back to work, but did feel that he might do some type of work that a man with one hand could do, and that the plaintiff always claimed when the doctor saw him that his back hurt so that he could not work. The doctor expressed an opinion that he did not know whether he had tried to work or not, and that he could not do the work that he had been doing.

The plaintiff testified further that he was unable to work; that he had an opportunity at one time to obtain employment but due to the fact that he could not lift or stand on his feet for any period of time could not take such employment, and in his trade he would by necessity

be compelled to use both hands and to be on his feet.

There is other testimony as to the plaintiff's nervousness and complaint of pain in his back that has continued since the time of the accident and injuries he received. There are letters appearing in the record from the attending physician to counsel representing the plaintiff, showing that the plaintiff would be unable to carry on remunerative work; that there would be no possibility of him regaining his strength; that his complaints are general weakness, pain in the right flank, and lower right abdomen; that he is permanently and totally disabled, and no possibility of improvement to the point where he could carry on remunerative work; and that he will never be able to carry on productive work.

The foregoing constitutes a résumé of the relevant and material evidence adduced at the hearing.

The plaintiff contends that the increased disability shown by the evidence is that he is presently suffering from extreme pain as a result of the chronically strained lumbar muscles and a psychic condition as a result of the fixed impression made upon his mind by loss of his arm, these combined with a consideration of his advanced age make him at the present time totally and permanently disabled. Under this state of the record it stands then undenied that the plaintiff is presently, permanently and totally disabled when, after the accident of September 21, 1941, he was found to have suffered no permanent injury other than the loss of his arm. Therefore, the only fair conclusion is that either the disability has developed since the first hearing, or that it was latent and undiscovered at that time; that the neurotic psychic condition which has been induced by the loss of the arm was an unforeseen result of the loss, leaving the patient with a deep-seated fixation of his inability to work; further, that his testimony stands undenied and unrefuted to the effect he has severe pain in his back at all times. He is unable to lift anything or to sit for

any considerable period, but must walk to ease the nervous tension caused by the pain.

With the foregoing in mind, we proceed to the alleged errors that are pertinent, as contended for by the appellants.

Appellants contend that by comparison of the pleadings filed by the appellee in the litigation in 1942 with the pleadings in the present litigation, it becomes apparent that the claims of the appellee are the same in each case; that awards of the compensation court are final unless modified in the manner provided by statute.

Section 48-178, R. S. 1943, provides for hearings, judgment, and when conclusive. The part pertinent to the instant case is as follows: "When proceedings are had before a judge of the court, his findings, orders, awards, and judgments shall be conclusive upon all parties at interest unless reversed or modified upon appeal as hereinafter provided."

In Gilmore v. State, 146 Neb. 647, 20 N. W. 2d 918, this court held that where there had been a hearing on the merits before a judge of the Workmen's Compensation Court in a proceeding properly brought and an award entered, such an award was a final order and, where not legally appealed from, constituted an absolute bar to a subsequent suit based upon the same cause of action. Such an award cannot be litigated in a subsequent action between the same parties or their privies; except as otherwise provided for by statute. See, also, Gray v. Burdin, 125 Neb. 547, 250 N. W. 907.

The award entered by a judge of the Workmen's Compensation Court in the first hearing, under the authority of this court, is final and conclusive on the parties unless the appellee can establish facts sufficient to bring the case under the provisions of section 48-141, R. S. 1943, which provides, as far as necessary here to relate: "All amounts paid by an employer or by an insurance company carrying such risk, as the case may be, and received by the employee or his dependents, by lump sum pay-

ments, shall be final, but the amount of any agreement or award payable periodically for six months or more may be modified as follows: (a) At any time by agreement of the parties with the approval of the compensation court; or (b) if the parties cannot agree, then at any time after six months from the date of the agreement or award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury * * *."

The incapacity therefore into which the courts may inquire and use as a basis for a modification of award is that increase or decrease of incapacity which is due solely and only to that violence of the physical structure of the plaintiff's body which resulted from his accident, and which increase or decrease has occurred since the award was rendered. See Ludwickson v. Central States Electric Co., 142 Neb. 308, 6 N. W. 2d 65.

It is incumbent under the authorities above cited, that the appellee must prove by a preponderance of the evidence that his incapacity has been increased (meaning amplified, enlarged, expanded, extended or intensified. Webster's New International Dictionary); that is, that there now exists a material and substantial change for the worse in the plaintiff's condition, - a change in circumstances that justifies a modification, distinct and different from that for which an adjudication has been previously made. See Kucera v. Village of Prague, 141 Neb. 180, 3 N. W. 2d 201. See, also, Huff v. Omaha Cold Storage Co., 136 Neb. 907, 287 N. W. 764; Metropolitan Dining Room v. Jensen, 126 Neb. 765, 254 N. W. 405.

Applying the principle of law announced in the foregoing authorities, the question presented is whether or not the evidence offered by the appellee does establish an increase of incapacity, and whether or not there has been a substantial change subsequent to the award entered in the first hearing.

From an analysis of the evidence as heretofore set forth and the findings of the judges of the Nebraska

Workmen's Compensation Court, it was determined in the first hearing before said court that the plaintiff's temporary total disability terminated on November 10, 1941, and the only permanent disability resulting on account of the accident was the loss of his left arm. He had testified at the first hearing that he could not work, or lift, or engage in the occupation of a baker, and was totally and permanently disabled. Upon a review of the pleadings and evidence, we find that there has not been an increase of plaintiff's incapacity due solely to his injury, arising since the award of compensation was rendered which the plaintiff seeks to modify.

We therefore reverse the judgment of the trial court and dismiss the plaintiff's action.

REVERSED AND DISMISSED.