IRA O. PEEK, APPELLANT, V. AYERS AUTO SUPPLY, A COPARTNERSHIP, ET AL., APPELLEES.

71 N. W. 2d 204

Filed June 24, 1955.  No. 33782.

*Tesar & Tesar*, for appellant.

*Fraser, Connolly, Crofoot & Wenstrand*, for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAP-PELL, WENKE, and BOSLAUGH, JJ., and KOKJER, District Judge.

Yeager, J.

This is an action by Ira O. Peek, plaintiff and appellant, against Ayers Auto Supply, a copartnership, Noble I. Ayers, Noble I. Ayers, Jr., John C. Ayers, and Consolidated Underwriters, defendants and appellees, originally instituted to recover compensation under the workmen's compensation law on account of injuries sustained by plaintiff while he was employed by the Ayers Auto Supply, a copartnership composed of the defendants Ayers. The Consolidated Underwriters is the workmen's compensation insurance carrier for the other defendants. Hereinafter the Ayers Auto Supply and the defendants Ayers will for convenience be referred to as the defendants.

On three previous occasions, under the present title, this case has been before this court. This appeal however does not require a detailed review of the matters previously presented. Pertinent matters previously presented however were that on May 1, 1946, plaintiff was injured in consequence of which he instituted action in the workmen's compensation court in which he was awarded compensation. An appeal was taken to the district court and in a petition filed therein plaintiff enumerated his injuries. The injuries enumerated were lacerated and severed ears, lacerated forehead and right leg, shock hemorrhage from wounds, concussion, facial disfigurement, loss of memory, inability to concentrate, closure of ear canals with resultant impairment of hearing, severe headaches, injuries to teeth, numbness of legs and arms and right side of head, dizziness, and nervousness, which he said totally and permanently disabled him from the performance of work in employment.

The issue raised by that petition was finally tried in the district court and by decree rendered on June 27, 1951, that court rejected plaintiff's claim that he was totally and permanently disabled but did find that he was temporarily totally disabled for 105 weeks and

temporarily partially disabled for an additional 175 weeks and awarded compensation accordingly.

From that decree an appeal was taken to this court where the evidence was reviewed and this court specifically rejected the contention that plaintiff had been totally and permanently disabled. In the opinion rendered this court found that he had sustained temporary partial disability of 75 percent for 175 weeks in addition to 105 weeks temporary total disability, the same as was done by the district court. The only change made was that the weekly rate of pay for temporary partial disability was increased from $13.50 to $17.90. Peek v. Ayres Auto Supply, 155 Neb. 233, 51 N. W. 2d 387. While it is perhaps of no real significance, when the adjudication was made by this court the period or periods for which plaintiff was entitled to receive compensation had expired.

This conclusion was arrived at on evidence wherein the condition of plaintiff, his symptoms, and his activities were fully described. This evidence included the testimony of numerous physicians and a report from the Mayo Clinic. It is clear that the decision was based upon a full exposition of the known facts.

The award made by this court at that time was fully paid and satisfied.

Thereafter on January 13, 1953, the petition which is the basis of the present appeal was filed. By it the plaintiff claimed additional compensation, again on the ground that by reason of the progress of his condition since the previous award he is totally and permanently disabled and is entitled to additional compensation. The right of plaintiff to maintain this action was sustained by this court in Peek v. Ayers Auto Supply, 157 Neb. 363, 59 N. W. 2d 564.

The issue as to additional compensation was tried in the district court and the petition dismissed on the ground that there had been shown no material change for the worse in the condition of plaintiff since the pre-

vious trial. A motion for new trial was filed and overruled. This appeal is from that determination and the ruling on the motion for new trial.

It is the rule that where the amount of an award in a workmen's compensation case is payable periodically for 6 months or more, a party may make application for increase on account of decrease in capacity since the award was rendered, due to the injury. § 48-141, R. R. S. 1943; Micek v. Omaha Steel Works, 136 Neb. 843, 287 N. W. 645; Huff v. Omaha Cold Storage Co., 136 Neb. 907, 287 N. W. 764; Riedel v. Smith Baking Co., 150 Neb. 28, 33 N. W. 2d 287; Peek v. Ayers Auto Supply, 157 Neb. 363, 59 N. W. 2d 564.

The subject of inquiry therefore is that of whether or not the evidence discloses that since the previous hearing the plaintiff has shown a decrease in capacity to engage in gainful employment.

Basically the description of plaintiff's condition, as drawn from the evidence adduced, is not different from what it was when previously considered by this court. It is not contended that it is different. Two doctors have furnished evidence to the effect that the results of the basic condition have become aggravated and that in their opinion the plaintiff is totally and permanently disabled from engaging in employment.

This evidence is clearly inconsistent with facts unquestionably and unequivocally appearing in the record. These facts in probability were not disclosed to these doctors. The plaintiff, according to his own testimony, was employed for 4 weeks as an oiler on a dragline and he worked around 8 hours a day. In the 4 weeks he got in about 2 weeks of time because the dragline did not work when it rained. For this work he was paid $1 an hour. Thereafter, starting in the spring of 1953, he worked 2 days a week at Kyle's Service Station in Auburn, Nebraska, where he was still working at the time of trial. At first he was paid 80 cents an hour and later $1.15 an hour. It appears that in this employment

he earns around $100 a month. He testified that he did not do the heavy work but the work he was doing was of a character which fitted into his previous occupational training and experience. His employer testified that over the period of his employment there was apparent improvement in his capacity to work.

These doctors did not appear and give testimony in court. Their evidence was in the form of written statements prepared away from court which statements, under stipulation of the parties, were read into the record in the case. These statements on their face appear to have been based upon examinations made of plaintiff by them and history furnished to them by the plaintiff.

It is inconceivable that they would have rendered opinions that plaintiff was totally and permanently disabled if they had been supplied with the history of the employment to which plaintiff and his employer testified on the trial. Accordingly these opinions must be rejected as representing the true condition of the plaintiff.

With the rejection of these opinions there is nothing to justify a departure from the conclusion arrived at by this court when the case was previously considered.

There was medical evidence on behalf of the defendants which was contrary to that adduced by plaintiff. This was contained in a prepared written statement made by a doctor who purportedly made an examination on behalf of the defendants. This statement was admitted in evidence pursuant to stipulation.

From the statement it was made to appear that the doctor had shortly before the trial made an examination of the plaintiff and that the statement was in part based on that examination. The plaintiff and his wife testified on the trial that no such examination was made. In this respect this was the status of the record with reference to the evidence at the close of the trial. Neither party asked for leave at the time of trial to call the doctor

as a witness or obtain his testimony by deposition in further exploration of the question of whether or not the doctor had in fact made an examination.

After the motion for new trial was filed the plaintiff took steps to take the deposition of the doctor to be used in support of his motion for new trial. Leave to take the deposition was denied.

Assuming, but not deciding, that depositions containing evidence of value in the determination to be made upon a motion for a new trial may in instances be proper, this is not such a case.

The purported reason for taking the deposition, as it appears from an affidavit which appears in the record, was that the doctor's evidence was false, and that in the manner of its introduction a fraud had been practiced upon the court.

The parties agreed upon the manner of introduction of the evidence of this doctor. It was introduced in the same manner as the evidence of the doctors for plaintiff. It is not pointed out how or in what manner this became a fraud upon the court. There of course was none.

As to the question of falsity in the evidence of the doctor, he stated in substance that preliminary to the making of the statement introduced in evidence he examined the plaintiff. The plaintiff insists that this was not true, and the bill of exceptions discloses that he and his wife so testified at the trial of the case in the district court. Thus the doctor's evidence was fully controverted on the trial.

The only apparent purpose of the taking of the deposition was to permit the exertion of an effort by examination to cause the doctor to retract that portion of his evidence wherein he stated that he had, as a preliminary to making his statement, examined the plaintiff. There is nothing to indicate a probability that this could have been accomplished. Therefore it may not be said

that prejudicial error was involved in the refusal to allow the taking of the deposition.

It is the function of this court in a workmen's compensation case to consider it de novo on the record. Schneider v. Village of Shickley, 156 Neb. 683, 57 N. W. 2d 527; Miller v. Livestock Buying Co., 157 Neb. 51, 58 N. W. 2d 596.

This record has been so examined and on that basis the conclusion has been reached that the plaintiff has failed to sustain the burden of showing a decrease in his capacity to work since the previous award was rendered, in consequence of which he is not entitled to recover further compensation.

The judgment of the district court is affirmed.

AFFIRMED.