MARVIN E. SIDEL, SR., APPELLANT, V. SPENCER FOODS,
APPELLEE.

338 N.W.2d 616

Filed September 23, 1983. No. 82-608.

Michael L. Getty, for appellant.

Dennis R. Riekenberg of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

CAPORALE, J.

Marvin E. Sidel, Sr., appeals from the Nebraska Workmen's Compensation Court's dismissal of his application to modify a previous disability award. We affirm.

In April of 1977 Sidel sustained injury in an accident arising out of and in the course of his employment with Spencer Foods while lifting a tub of slaughterhouse scraps into an auger. He underwent a lumbar laminectomy at the L4-5 level later that month. A cervical fusion was performed in March of 1978 to remedy an unrelated injury. In July 1978 Sidel, while arising from a chair during a coffee-break at work, experienced pain in his lower back.

In April 1979 the Workmen's Compensation Court awarded Sidel a 20-percent permanent partial disability as a result of the April 1977 accident. The

award was affirmed by this court in *Sidel v. Travelers Ins. Co.*, 205 Neb. 541, 288 N.W.2d 482 (1980) (*Sidel I*). That opinion dealt with, among other things, the issue as to what role the July 1978 incident should play in determining Sidel's award. The compensation court had found that Sidel had failed to prove the July incident was either a recurrence of the original injury or that it constituted a new accident arising out of and in the course of his employment. In affirming, this court stated at 547, 288 N.W.2d at 486: "The court specifically found that the injury of July 11, 1978, was not compensable. We have no reason to believe the court considered that or the noncompensable cervical impairment in any way in its determination."

Sidel continued to experience back pain which radiated into his legs. A second lumbar laminectomy and a spinal fusion were performed at the L4-5 level in April of 1980. Further lumbar surgery was performed at the L4-5 level in March of 1981 to re-fuse the spine.

In November 1981. Sidel filed an application to modify the original award of the compensation court, as affirmed by this court, on the basis that his incapacity had increased.

During the course of the rehearing before the three-judge panel of the compensation court on that application, Spencer Foods objected to any testimony by Sidel referring to the July 1978 incident. The objection was sustained on the ground that such testimony was irrelevant. The testimony of Dr. Ries, Sidel's physician, concerning the July 1978 incident was objected to on the same ground. Dr. Ries did testify that if there was a 1978 incident separate and apart from the April 1977 accident, he could not say with reasonable medical probability that Sidel's current problems were "solely due to the 1977 accident." There was no countervailing medical evidence.

The compensation court found Sidel had failed to

prove the increase in his incapacity was due solely to the compensable accident of April 1977, and therefore dismissed his application for modification of the original award.

Sidel's four assigned errors coalesce to claim that the compensation court erred (1) in requiring him to prove his increased incapacity was solely caused by the April 1977 accident, and (2) in excluding direct testimony concerning the 1978 incident while allowing cross-examination concerning that topic.

Authority for modification of certain compensation awards is found in Neb. Rev. Stat. § 48-141 (Reissue 1978), which provides in pertinent part: "[T]he amount of any . . . award payable periodically for six months or more may be modified as follows: . . . at any time after six months from the date of the . . . award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury . . . ."

There can be no rational argument but that the foregoing language places upon Sidel the burden of proving by a preponderance of the evidence that the increase in his incapacity was due solely and only to the injury resulting from the original accident. The plain and ordinary meaning of the words used in the statute say, as clearly as the language of this jurisdiction is capable of expressing, that such is his burden. We have so applied the statute in the past. *Pavel v. Hughes Brothers, Inc.*, 167 Neb. 727, 94 N.W.2d 492 (1959); *Chadd v. Western Cas. & Sur. Co.*, 166 Neb. 483, 89 N.W.2d 586 (1958); *Peek v. Ayers Auto Supply*, 157 Neb. 363, 59 N.W.2d 564 (1953); *Ludwickson v. Central States Electric Co.*, 142 Neb. 308, 6 N.W.2d 65 (1942).

It follows, therefore, that the compensation court assigned the proper burden of proof to Sidel. The medical evidence fails to meet that burden.

In a heroic effort to overcome the effects of the foregoing rule of law and evidence, Sidel argues that Dr. Ries ought not have been required to treat the

1978 incident as something separate and apart from the 1977 accident. He therefore urges the compensation court erred in excluding evidence concerning that occurrence.

Since *Sidel I* determined that the 1978 incident was not a recurrence of the injury resulting from the 1977 accident, the compensation court correctly sustained the objections. Admission of evidence seeking to change the characterization of the 1978 incident to be but a part of the 1977 injury would violate the doctrine of res judicata. That doctrine holds that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same action. *Simpson v. City of North Platte, post* p. 351, 338 N.W.2d 450 (1983); *Bank of Mead v. St. Paul Fire & Marine Ins. Co.*, 202 Neb. 403, 275 N.W.2d 822 (1979). The bar generally operates as to every question which was or might have been presented and determined in the first action. *Bank of Mead v. St. Paul Fire & Marine Ins. Co., supra*; *Omaha P.P. Dist. v. Natkin & Co.*, 193 Neb. 518, 227 N.W.2d 864 (1975).

Sidel's complaint that the compensation court improperly allowed cross-examination in an area foreclosed on direct examination is not well founded. The first and short answer to this claim is that no objection was made to the cross-examination of Dr. Ries. Moreover, the cross-examination did not, unlike the direct examination, attempt to change the characterization of the 1978 incident into something different than it had judicially been determined to be in *Sidel I*. The cross-examination correctly required Dr. Ries to treat the 1978 incident as *Sidel I* decreed.

The compensation court was correct in all respects.

AFFIRMED.