WILSON CONCRETE COMPANY, APPELLEE, V. DARRELL
RORK, APPELLANT.
343 N.W.2d 764

Filed February 10, 1984. No. 83-125.

John A. Wagoner, for appellant.

Kenneth H. Elson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS,
CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal from the Nebraska Workmen's
Compensation Court, which dismissed the defend-
ant's application to modify a previous disability
award. We affirm.

The defendant, Darrell Rork, was employed as a
dispatcher and batch man by the plaintiff, Wilson
Concrete Company. On February 5, 1979, the de-
fendant suffered injuries while squatting in a man-
hole attempting to thaw frozen pipes with a steam
hose. As a result of this accident, the defendant was
awarded, on rehearing, temporary total disability

from February 8, 1979, until January 26, 1980, and thereafter 25-percent permanent partial disability to the body as a whole. The rehearing proceeding was commenced March 26, 1981, and the award was entered July 6, 1981.

On April 8, 1982, the defendant commenced an action in the compensation court to obtain a modification of the award of July 6, 1981. On August 5, 1982, the compensation court found that the defendant had failed to prove by a preponderance of the evidence that his incapacity had increased. On January 5, 1983, the case was tried on rehearing, and the compensation court again found the defendant had failed to prove by a preponderance of the evidence that his incapacity had increased. This is the determination from which the defendant appeals to this court.

Modification of workmen's compensation awards is governed by Neb. Rev. Stat. § 48-141 (Reissue 1978), which states in part: "[T]he amount of any . . . award payable periodically for six months or more may be modified as follows: . . . at any time after six months from the date of the . . . award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury . . . ."

That statute has consistently been applied to place the burden of proving by a preponderance of the evidence on the applicant for modification that the increase in his incapacity was due solely and only to the injury resulting from the original accident. *Sidel v. Spencer Foods*, 215 Neb. 325, 338 N.W.2d 616 (1983); *Pavel v. Hughes Brothers, Inc.*, 167 Neb. 727, 94 N.W.2d 492 (1959); *Chadd v. Western Cas. & Sur. Co.*, 166 Neb. 483, 89 N.W.2d 586 (1958).

The defendant-applicant Rork contends the compensation court erred in failing to find him totally and permanently disabled, based upon the loss of earning power and because of the continuous suffering of pain which limits his employment opportunities. Rork further argues that in a modification pro-

ceeding in a workmen's compensation case, the whole question of the employee's physical condition can again be inquired into as of that time.

While Rork is correct about the law, he is in error with regard to his interpretation of the law as it applies to this case. It is true that in a modification proceeding the whole question of an employee's physical condition can again be inquired into, *Camp v. Blount Bros. Corp.*, 195 Neb. 459, 238 N.W.2d 634 (1976), but before recovery may be granted for an increase of incapacity due solely to the injury, the applicant must prove by a preponderance of the evidence that incapacity has increased; that is, that there now exists a material and substantial change for the worse in the applicant's condition—a change in circumstances that justifies a modification, distinct and different from that for which an adjudication had been previously made. *Chadd v. Western Cas. & Sur. Co., supra.*

The argument presented by Rork seems to be that due to continuous pain suffered from the original injury, the capacity to work has been further diminished. He testified the pain in his left hip suffered from the original injury has extended to the right hip and right leg as of May 1982. In support of this testimony medical testimony was also presented. The medical testimony, consisting of depositions of various doctors received into evidence, is quite revealing in this case.

Dr. Jackson J. Bence, Rork's treating orthopedic surgeon, opined in his second deposition, December 22, 1982, that Rork's disability, as far as his back was concerned, was substantially the same as it was when Dr. Bence gave his first deposition in November 1980 and that he had the same percentage of disability.

Dr. John G. Yost, an orthopedic surgeon who examined Rork on behalf of the plaintiff, felt Rork's subjective complaints far outweighed any and all objective findings, and on the date of the second ex-

amination Rork probably had a 30-percent permanent partial disability of his body as a whole. Dr. Yost explained that his opinion in his first deposition of 10-percent permanent partial disability to the body as a whole was based upon the assumption that Rork would rehabilitate himself. Dr. Yost, in the second deposition, testified there was no difference in his opinion because the 10 percent was on the basis if his back were rehabilitated, whereas the 30 percent was based upon his disability in May 1982, although the 30-percent disability could be diminished.

Dr. John C. Goldner, a neurologist who examined Rork for the first time on March 26, 1982, when asked to compare the disability evaluations between October 1980 and May 1982, testified that "[Rork's] pain is somewhat greater even though his neurologic examination is unchanged."

Based upon the testimony of the medical experts, we find the order of the compensation court in finding that Rork has failed to prove by a preponderance of the evidence that his incapacity has increased is not clearly wrong.

In reviewing findings of fact in workmen's compensation cases, the Supreme Court is not free to weigh the facts anew. The findings of the compensation court have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Randall v. Safeway Stores*, 215 Neb. 877, 341 N.W.2d 345 (1983); *Davis v. Western Electric*, 210 Neb. 771, 317 N.W.2d 68 (1982).

The issue before this court is whether the applicant has sustained an increase in disability since the compensation court's award on rehearing on July 6, 1981, due solely to the defendant's injury on February 5, 1979.

It appears that the defendant is more dissatisfied with the original finding on rehearing which awarded Rork temporary total disability for approximately 11 months and thereafter a 25-percent

permanent partial disability rather than total permanent disability. While the applicant Rork may have experienced some additional pain from the injury, there is not sufficient evidence to support Rork's contention that the pain has caused a material and substantial change for the worse in his condition. In addition, this court has often followed the rule that pain alone is not compensable under the workmen's compensation statute. *O'Connor v. Anderson Bros. Plumbing & Heating*, 207 Neb. 641, 300 N.W.2d 188 (1981); *Borowski v. Armco Steel Corp.*, 188 Neb. 654, 198 N.W.2d 460 (1972).

The finding of the Workmen's Compensation Court that the defendant failed to prove by a preponderance of the evidence that his incapacity had increased is supported by the record and is not clearly wrong, and as such is affirmed.

AFFIRMED.

WHITE, J., dissents.