PERCY L. OHAM, APPELLEE, V. AARON CORPORATION, A NEBRASKA CORPORATION, APPELLANT.

382 N.W.2d 12

Filed February 21, 1986.    No. 85-235.

Patrick B. Donahue of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Thomas Blount of Garber & Blount, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

The defendant-appellant, Aaron Corporation, appeals from an order of the Nebraska Workmen's Compensation Court finding that the plaintiff remained temporarily totally disabled. We affirm.

In 1977 Percy L. Oham was employed as a laborer by the Aaron Corporation, where he placed meat in cookers to render off the grease. During the period of his employment, he contracted acute brucellosis, a bacterial disease common to certain animals.

In December of 1977 Oham filed a claim for benefits with the compensation court and, after hearing, was awarded temporary total disability benefits in the amount of $100 per week, as well as past and future medical expenses. The award was upheld on rehearing. The defendant continued to pay the benefits until July of 1981, at which time it claimed a disability no longer existed. The plaintiff filed a petition seeking to continue the payments. On rehearing, a three-judge panel found that the plaintiff had a continuing temporary total disability and ordered $100-per-week compensation, payment of arrearages, medical expenses, and an attorney fee.

In July of 1984, pursuant to defendant's motion, the plaintiff was ordered to undergo examinations by defendant's doctor. In August of 1984 the defendant petitioned the court, seeking to terminate Oham's disability award. The plaintiff cross-petitioned, seeking permanent total disability. After a hearing the plaintiff was found to have remained temporarily totally

disabled. Aaron Corporation filed an application for rehearing, and the one-judge determination was affirmed. The court ordered the defendant to pay $100-per-week disability, current and future medical bills, the cost of certain rehabilitation services, and an attorney fee. It is from this ruling that the defendant appeals.

The Aaron Corporation assigns as error: (1) The trial court's refusal to place the burden of proof, that a temporary disability existed, upon the plaintiff; and (2) The court's finding that a temporary total disability existed, in that such finding was clearly wrong and against the weight of the evidence.

This court has stated, in regard to the workmen's compensation law, that it

> is bound by the statute as enacted. It has no authority to alleviate the apparent harshness of the result by the application of equitable principles. The plain language of the workmen's compensation law must be followed by this court. The right to and amount of recovery are purely statutory.

*Runyan v. Lockwood Graders, Inc.*, 176 Neb. 676, 682, 127 N.W.2d 186, 190 (1964). Resultingly, in order to seek a modification of an order from the compensation court, the Aaron Corporation must come within the statutory provisions.

Neb. Rev. Stat. § 48-141 (Reissue 1984) provides that the

> amount of any agreement or award payable periodically for six months or more may be modified as follows: (a) At any time by agreement of the parties with the approval of the compensation court; or (b) if the parties cannot agree, then at any time after six months from the date of the agreement or award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury or that the condition of a dependent has changed as to age or marriage, or by reason of the death of the dependent.

In applying subsection (b) we have stated that " '[u]pon an application to modify an award under the workmen's compensation statutes, the burden of proof rests upon the petitioner to establish by a preponderance of the evidence that the disability has increased, decreased, or terminated as

alleged.' " *Pavel v. Hughes Brothers, Inc.*, 167 Neb. 727, 731, 94 N.W.2d 492, 495 (1959) (quoting *Riedel v. Smith Baking Co.*, 150 Neb. 28, 33 N.W.2d 287 (1948)).

We further stated in *Pavel* that upon an application to modify, "the defendant has the burden of establishing a decrease of incapacity and the plaintiff has the burden of showing an increase of incapacity . . . ." 167 Neb. at 731, 94 N.W.2d at 495. Accord *Sidel v. Spencer Foods*, 215 Neb. 325, 338 N.W.2d 616 (1983).

The rule articulated in *Pavel* is directly applicable in the instant case. Aaron Corporation, in seeking to terminate its liability, petitioned the compensation court in an attempt to modify a previous order. Consequently, the burden of proof was upon Aaron Corporation, as the petitioner-defendant, to establish a decrease in incapacity. The lower court committed no error in this regard.

In reviewing a decision of the Workmen's Compensation Court,

> findings of fact made by the Nebraska Workmen's Compensation Court on rehearing have the same effect as a jury verdict in a civil case, and an order disposing of a case . . . may not be set aside where the findings are supported by the evidence. The facts are not reweighed on appeal.

*Cemer v. Huskoma Corp.*, 221 Neb. 175, 179, 375 N.W.2d 620, 623 (1985). Further,

> [i]n testing the sufficiency of the evidence to support the findings of fact made by the Nebraska Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be drawn therefrom.

*Wilson v. City of North Platte*, 221 Neb. 90, 92-93, 375 N.W.2d 134, 137 (1985). The findings of that court will not be overturned unless they are clearly wrong. *Thompson v. Monfort of Colorado*, 221 Neb. 83, 375 N.W.2d 601 (1985).

The record demonstrates obvious differences of opinion between the experts testifying on behalf of the defendant and

the expert testifying on behalf of the plaintiff. Dr. Stark, a psychologist who examined Oham, testified that the plaintiff was suffering from hysterical neurosis and indicated the cause related back to childhood development rather than brucellosis.

Dr. Wampler, a specialist in internal medicine, also examined Oham. He testified that Oham did not have an active brucellosis infection, but was suffering from inadequately controlled diabetes, which could cause fatigue. He felt that the plaintiff's problems were functionally based rather than an organic problem. In Dr. Wampler's opinion the plaintiff was not suffering from chronic brucellosis, and he was capable of being gainfully employed.

Mr. Berlin, a registered physical therapist, testified about a series of tests he administered to the plaintiff to evaluate strength, power, and endurance of muscles. His examination indicated that Oham's muscle condition was normal and that he was physically able to carry out an average job.

In contrast, Dr. Hession, the plaintiff's treating physician since 1977, found Oham to be suffering from chronic brucellosis. The doctor had seen the plaintiff numerous times since the compensation court's second hearing in 1982. During that time, Oham has been treated for continuing muscle aches and spasms, dizziness, stiffness, and weakness. His condition has remained relatively the same for the past 3 years. He

> suffers from chronic debilitation. He cannot perform ordinary functions with any degree of predictability. He might go three or four days, a week, sometimes even two weeks feeling pretty good and doing things, and, bingo, he gets pain, he gets aches, he gets chills, he gets soreness in the joints, he feels weak, he gets dizzy.

Dr. Hession also addressed the findings of Dr. Stark. He described brucellosis as a disease which "exacerbates . . . all kinds of depressions, anxiety reactions, hypochondriacal reactions." He further indicated that brucellosis is "a horrendously debilitating disease" that is not very common and that there is no clear way to demarcate what is or is not a chronic case. From his observation of the plaintiff, Dr. Hession saw him deteriorate from a hard-working man "spitting and roaring to get back to work" to "an asthenic individual who has no drive,

no pep, no power, no ability to sustain any prolonged activity of any kind."

It was Dr. Hession's opinion that Oham is disabled and is not a reasonable candidate for employment. He testified that "Mr. Oham cannot consistently and repetitiously and with predictability function in any job parameter that I know of at this time, unless it would be something where he didn't have to work when he didn't feel well enough to work. . . . I don't know who hires anybody like that . . . ."

"As the 'trier of fact,' the Workmen's Compensation Court is the sole judge of the credibility of witnesses and the weight to be given to testimony." *Thompson v. Monfort of Colorado, supra* at 86, 375 N.W.2d at 603.

In this case the compensation court chose to give weight to the expert opinion of the plaintiff's treating physician over that of defendant's experts. That decision is supported by the evidence and is not clearly wrong. The decision of the court on rehearing is affirmed. The plaintiff is allowed an attorney fee of $1,000 in this court.

AFFIRMED.