JESSE GOMEZ, APPELLANT, V. KENNEY DEANS, INC., APPELLEE.
441 N.W.2d 632

Filed June 23, 1989.   No. 88-741.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellant.

Scott A. Burcham and Jill Gradwohl Schroeder, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This is an appeal from the order of a three-judge panel of the Workers' Compensation Court dismissing the plaintiff's application to amend the court's award of August 28, 1986.

On November 29 and December 8, 1983, plaintiff-appellant, Jesse Gomez, suffered injuries to his back as a result of accidents arising out of and in the course of his employment as a laborer by defendant-appellee, Kenney Deans, Inc. The November 29 accident occurred when plaintiff fell through some joists, and the accident of December 8 occurred as he was installing insulation.

In its award on rehearing filed August 28, 1986, the compensation court found that plaintiff was 50 percent temporarily partially disabled and awarded him compensation benefits, medical expenses, and attorney fees. The August 28, 1986, award also provided that plaintiff was entitled to vocational rehabilitation services and that if his disability increased or decreased the parties could petition the court for relief. Neither party appealed the August 1986 award.

On December 21, 1987, plaintiff filed an amended application, alleging that his incapacity had increased "due solely to the injury of Plaintiff because of lack of further rehabilitation to make plaintiff trainable or rehabilitated." After a single judge of the compensation court dismissed the amended application, plaintiff filed a motion for rehearing before a three-judge panel. On August 2, 1988, the panel entered an order dismissing the amended application.

Plaintiff appeals to this court, contending the panel erred (1) in finding that he failed to prove he suffered an increase in disability and (2) in finding that literacy training education is not a rehabilitative plan under Nebraska law. We affirm.

Plaintiff's amended application was filed pursuant to Neb. Rev. Stat. § 48-141 (Reissue 1988). That section provides that "at any time after six months from the date of the . . . award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury . . . ."

Under § 48-141, the applicant for modification must prove by a preponderance of the evidence that the increase in his incapacity was due solely to the injury resulting from the

original accident. *Wilson Concrete Co. v. Rork,* 216 Neb. 447, 343 N.W.2d 764 (1984). In proving an increase in incapacity, the applicant must prove by a preponderance of the evidence that "there now exists a material and substantial change for the worse in the applicant's condition — a change in circumstances that justifies a modification, distinct and different from that for which an adjudication had been previously made." *Id.* at 449, 343 N.W.2d at 766.

The record shows that plaintiff participated in an extensive vocational rehabilitation evaluation before the 1986 rehearing. It was determined at that time that plaintiff was functionally illiterate and was not a reasonable candidate for competitive employment. Plaintiff successfully completed an independent living skills training program offered by the Nebraska Division of Rehabilitation Services.

The compensation court's determination in August 1986 that plaintiff was 50 percent temporarily partially disabled was based on the following findings:

> Dr. Nashelsky testified that plaintiff's prognosis is poor and that he cannot function as a farm or construction laborer. Dr. Odom testified . . . that plaintiff is disabled from heavy duty and that he is limited to some light duty type of situation. Dr. Ogsbury testified that plaintiff was not capable of heavy work . . . .

The 1986 award further states:

### XI

> It should be noted that we have not made a finding that the plaintiff is permanently disabled. Our conclusion is that for now the plaintiff is partially disabled and that his injuries combined with his limited learning and experience to render him partially disabled to the extent of 50 percent. His wages were $7.35 an hour at the time of the accident and it is not likely that he could now secure a position which would pay much more than the minimum wage. If the plaintiff's disability increases or decreases and the parties are unable to agree on the extent of increase or decrease they shall be entitled to again petition the Court for relieve [sic] under the provisions of 48-141 R.R.S. 1943.

## XII

There is a reasonable probability that with appropriate training, rehabilitation or education, the plaintiff may be rehabilitated to the extent that he can signigicantly [sic] increase his earning capacity.

As stated, the 1986 award was not appealed by either party.

At the April 12, 1988, hearing on plaintiff's amended application, the panel considered the depositions of Dr. Gunther Nashelsky and Dr. Barrie L. Lindenbaum. Dr. Nashelsky testified that he had treated plaintiff for back pain on a regular basis between April 1986 and the time of his deposition in March 1988. It was Dr. Nashelsky's opinion that plaintiff was physically "very much the same as he was a couple of years ago." Dr. Nashelsky further testified that over the course of his treatment, plaintiff "didn't seem to change very much for the better or for the worse" and that plaintiff would be unable to function as a farm or construction laborer.

Dr. Lindenbaum, an orthopedic surgeon, examined plaintiff in February 1986 and again in January 1988. He also expressed the opinion that plaintiff's medical condition had not changed.

Plaintiff testified in April 1988 that since August 1986, "[t]he pain has increased a little more since the past."

Findings of fact by the Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Gloria v. Nebraska Public Power Dist.*, 231 Neb. 786, 438 N.W.2d 142 (1989); *Wilson Concrete Co. v. Rork, supra.* In testing the sufficiency of the evidence to support the findings of fact made by the Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Gardner v. Beatrice Foods Co.*, 231 Neb. 464, 436 N.W.2d 542 (1989); *Oham v. Aaron Corp.*, 222 Neb. 28, 382 N.W.2d 12 (1986).

Defendant contends that the 1986 award should not be modified because the two doctors, one for the plaintiff and one for the defendant, agree that there has been no significant change in plaintiff's medical condition. Defendant's contentions are based, in part, on our holding in *Pavel v. Hughes Brothers, Inc.*, 167 Neb. 727, 730, 94 N.W.2d 492, 495

(1959), that § 48-141,

authorizing a decrease or increase on the ground of incapacity due solely to the injury, limits the basis for the modification to that increase or decrease of incapacity which is due solely and only to that violence to the physical structure of the body which resulted from the accident, and which increase or decrease has occurred since the award was rendered.

See, also, *Chadd v. Western Cas. & Sur. Co.*, 166 Neb. 483, 89 N.W.2d 586 (1958); *Peek v. Ayers Auto Supply*, 160 Neb. 658, 71 N.W.2d 204 (1955); *Ludwickson v. Central States Electric Co.*, 142 Neb. 308, 6 N.W.2d 65 (1942).

The finding of the compensation court that plaintiff failed to prove by a preponderance of the evidence that his incapacity has increased is not clearly wrong. The language of the 1986 award indicates that the panel was aware of plaintiff's physical disability and his limited learning and experience. The evidence before the panel in 1988 was that plaintiff's physical condition remained essentially unchanged and that his literacy had improved somewhat since 1986.

As in *Wilson Concrete Co. v. Rork*, 216 Neb. 447, 343 N.W.2d 764 (1984), it appears that plaintiff is merely dissatisfied with the compensation court's finding in 1986 that he was 50 percent temporarily partially disabled, rather than totally and permanently disabled. No appeal was taken from the 1986 award. Plaintiff's first assignment of error is without merit.

In his second assignment of error, plaintiff contends the compensation court erred in finding that literacy training education is not a rehabilitative plan under Nebraska law. The record shows that in February 1988, plaintiff began taking adult basic education classes at the Nebraska Western College Independent Learning Center. Plaintiff testified that he spent approximately 10 hours per week going to classes and doing homework so he could learn to read and write. Plaintiff asked that the compensation court consider this literacy training as a rehabilitation plan.

The panel declined to consider the literacy training as a plan in itself, but approved of the literacy training "in order that it

may lead to a rehabilitation plan that the plaintiff can submit for approval at a future date."

In 1986, plaintiff was awarded rehabilitation services pursuant to Neb. Rev. Stat. § 48-162.01 (Reissue 1988). Section 48-162.01(3) provides in part:

> When as a result of the injury an employee is unable to perform work for which he or she has previous training or experience, he or she shall be entitled to such vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him or her to suitable employment.

Byron Barkeloo, a vocational rehabilitation counselor for the Nebraska Division of Rehabilitation Services, testified in 1986 that a vocational assessment of plaintiff was performed by the Career Assessment Center at Nebraska Western College and that he personally performed an additional evaluation of the plaintiff. Barkeloo concluded in 1986 that "the physical limitations Mr. Gomez has presented were of such severity that we did not see him as a reasonable candidate . . . for competitive employment . . . ."

Barkeloo determined after the 1986 evaluations that the only rehabilitation plan available to plaintiff through the Division of Rehabilitation Services was independent living skills training. That program taught plaintiff rudimentary living skills, e.g., cooking, cleaning, vacuuming, etc.

Margaret Hunter, the director of the Independent Learning Center, testified at the April 12, 1988, rehearing that plaintiff's literacy had improved somewhat since February 1988. She estimated that it would take 1 or 2 years to bring plaintiff to a junior high level.

Barkeloo testified in 1988 that he was of the opinion plaintiff did not have the physical capacity to engage in competitive employment and that plaintiff was not a feasible candidate for rehabilitation. Barkeloo further testified that he "would not anticipate that academic achievement, if in fact Mr. Gomez could do that at the junior high level, would significantly improve his employability."

Insofar as the compensation court's order denied further rehabilitation efforts in the way of literacy training, it is

affirmed. We do not hold that literacy training may not be an appropriate rehabilitative effort in some cases, but such training is not appropriate in this case. Rehabilitation has been attempted, and the evidence in this case shows that the further rehabilitation proposed by plaintiff would not restore him to suitable employment. Cf. *Pollock v. Monfort of Colorado*, 221 Neb. 859, 381 N.W.2d 154 (1986). The findings of the compensation court to this effect are not clearly wrong, and plaintiff's second assignment of error is without merit.

The order of the compensation court dismissing plaintiff's application for modification is affirmed.

AFFIRMED.

GRANT, J., dissenting.

I respectfully dissent. I recognize that our cases have held that the increase or decrease in incapacity set out in Neb. Rev. Stat. § 48-141 (Reissue 1988) refers to a change in "physical condition" only and not to "earning power" or some other concept. *Ludwickson v. Central States Electric Co.*, 142 Neb. 308, 6 N.W.2d 65 (1942). See, also, *Pavel v. Hughes Brothers, Inc.*, 167 Neb. 727, 94 N.W.2d 492 (1959); *Wilson Concrete Co. v. Rork*, 216 Neb. 447, 343 N.W.2d 764 (1984).

I think, however, that our earlier holdings should be modified in this case, and similar cases, where the circumstances surrounding plaintiff's condition show that a worker's incapacity has increased, not because of any change in his physical condition alone, but because his unchanged physical condition, coupled with the fact (representing a change from the fact determined at the first award) that he cannot be rehabilitated, has caused an increase in incapacity.

In this case, at the 1986 first hearing, the compensation court found that the plaintiff was 50 percent disabled and that there was a reasonable probability that plaintiff could be rehabilitated. The latter finding has been proven wrong, as shown by the undisputed evidence at the modification hearing. In my judgment, the first finding was also wrong, but that finding, in the absence of an appeal, cannot be reviewed in a modification hearing.

It appears to me that the compensation court's earlier finding of 50 percent disability was tied in with the court's simultaneous

finding that plaintiff could be rehabilitated. I think such a conclusion can be reached from the court's remarks in paragraph XII of the 1986 award.

The evidence showed at the modification hearing that the plaintiff cannot be rehabilitated. I believe the clear change in plaintiff's chance of rehabilitation constitutes a change in the degree of his incapacity. I would reverse.

WHITE, J., joins in this dissent.