PHILLIP H. ALLEY, APPELLANT, V. DAVE TITTERINGTON ET AL., APPELLEES.

443 N.W.2d 615

Filed August 4, 1989.    No. 88-971.

Thomas R. Lamb, of Berry, Anderson, Creager & Wittstruck, P.C., for appellant.

Anne E. Winner, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from an order entered by a three-judge panel of the Nebraska Workers' Compensation Court dismissing the petition of the plaintiff employee, Phillip H. Alley. On December 11, 1987, Alley filed his petition against "Dave Titterington, Dave's Contracting," seeking compensation for injuries he alleged were sustained while he was employed as a carpenter. The pleadings show that the employer is either Dave Titterington, doing business as Dave's Roofing & Contracting, or Dave's Roofing & Contracting and D.K. Titterington. The defendant or defendants will be referred to as the employer.

Alley timely appeals, assigning three errors, which may properly be summarized as contending that the order of the panel reversing the award of the single judge and dismissing the petition was not supported by the evidence. We affirm.

Alley testified that on July 31, 1987, he was on the roof of a house in Lincoln with a fellow employee, Robert Havner, when Havner struck him in the face. After being hit, Alley testified, he did a deep, twisting knee bend to prevent himself from falling off the roof, which caused him to feel a sharp pain in his lower back. Alley looked up to see Havner falling from the roof. Alley stated that he was able to grasp the wrist of Havner and pull him back to safety and that as he pulled Havner to safety, Alley felt a pain in his lower back and felt the pain rise up into his shoulder area.

Titterington, apparently the proprietor of Dave's Roofing, lived a few doors down from the jobsite. Alley stated that he left the jobsite and reported the incident to Titterington. Alley then testified that both he and Havner went back to work and that for the rest of the day he felt a considerable amount of pain in his lower back and shoulders. Although in pain, Alley continued to work on a full-time basis for the employer until September 3, 1987. On September 10, 1987, Alley was terminated.

The record shows that Alley had injured his lower back while working as a woodcutter in Missouri. Alley moved to Portland, Oregon, and then to Lincoln, Nebraska. While Alley was living at the Lincoln City Mission during September 1986, the

employer hired Alley to work as a temporary laborer for the employer, and on September 26, Alley began working for the employer on a full-time basis.

Titterington testified that he owed Alley $422 in backpay and that in a telephone conversation after Alley had been terminated, Alley had threatened to use the Workers' Compensation Court to collect this money. Titterington also testified that Alley complained of back pain and told stories of his Missouri back injury on a weekly basis, long before the alleged incident. Additionally, Alley testified that he had been accused of reporting that certain work release prisoners working for the employer had been using alcohol and drugs and that this might have been the cause of the animosity between Alley and Havner.

Havner testified that the incident testified to by Alley had never occurred.

Based on this evidence, the panel dismissed Alley's petition, stating in its order that "we are unable to say that the evidence, on this factual situation, preponderates in favor of the plaintiff . . . ."

Findings of fact by the Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Gomez v. Kenney Deans, Inc.*, 232 Neb. 646, 441 N.W.2d 632 (1989); *Gloria v. Nebraska Public Power Dist.*, 231 Neb. 786, 438 N.W.2d 142 (1989). In testing the sufficiency of the evidence to support the findings of fact made by the Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Gardner v. Beatrice Foods Co.*, 231 Neb. 464, 436 N.W.2d 542 (1989); *Oham v. Aaron Corp.*, 222 Neb. 28, 382 N.W.2d 12 (1986).

We cannot say from our review of the record that the panel was clearly wrong in holding as it did. There was sufficient evidence to support the panel's findings.

The judgment of the rehearing panel is affirmed.

AFFIRMED.